

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-2009

# USA v. Doe

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2679

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Doe" (2009). *2009 Decisions*. Paper 1896.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1896

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2679

_____

UNITED STATES OF AMERICA

v.

JOHN DOE,

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-07-cr-00402-1)
District Judge: Honorable William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a)
January 27, 2009

Before:  SCIRICA, Chief Judge, AMBRO, and SMITH, Circuit Judges

(Opinion filed: February 9, 2009)

_____

OPINION

_____

AMBRO, Circuit Judge

        John Doe,[1] a career offender, appeals the sentence imposed on him by the United

States District Court for the Middle District of Pennsylvania after he pled guilty to

_____

        [1] As this case remains under seal, the identity of the appellant has been withheld.

possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). We affirm.

## I.

On April 25, 2007, an undercover police officer with the Harrisburg Bureau of Police made a controlled purchase of 1.1 grams of crack cocaine from Doe. On June 7, 2007, other officers pursued and detained Doe after he fled from them while carrying a bag containing 51.9 grams of crack cocaine. On June 29, 2007, an undercover police officer again made a controlled purchase from Doe of 1.1 grams of crack cocaine.

Based on this evidence, a federal grand jury returned an indictment charging Doe with possession with intent to distribute five grams or more of cocaine in violation of § 841(a)(1). He pled guilty to the charge pursuant to a plea agreement. Because he had 17 prior arrests and three prior convictions for drug offenses, the District Court designated Doe a career offender with a total offense level of 29 and a criminal history category of VI. This designation correlated with a Sentencing Guidelines range of 151–188 months. The Court, after considering evidence related to Doe's background and criminal history, imposed a sentence of 151 months. This appeal followed.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the District Court's sentence for abuse of discretion. *United States v. Wise*, 515 F.3d 207, 217–18 (3d Cir. 2008). In this regard, "our role is two-fold." *Id.* at 217. First, we must ensure that the Court "committed no significant procedural error." *United States v.*

*Sevilla*, 541 F.3d 226, 230 (3d Cir. 2008). This requires us to consider, among other things, whether the Court gave meaningful consideration to the relevant factors set forth in 18 U.S.C. § 3553(a).[2] *See id.* at 230–32; *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). Second, we review the substantive reasonableness of the sentence under an abuse-of-discretion standard. *See Wise*, 515 F.3d at 218.

### III.

Reflecting the two-fold nature of our review, Doe argues that the District Court (1) committed procedural error by failing meaningfully to consider the § 3553(a) factors, and (2) entered a sentence that was substantively unreasonable. We disagree.

---

[2] For reference, § 3553(a) reads in part as follows:

The court, in determining the particular sentence to be imposed, shall consider—
    (1) the nature and circumstances of the offense, and the history and characteristics of the defendant;
    (2) the need for the sentence imposed—
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    (3) the kinds of sentences available;
    (4) the kinds of sentence and the sentencing range established for—
        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines
        . . . .

To satisfy the requirement that it meaningfully consider the § 3553(a) factors, a district court "need not discuss every argument made by a litigant," nor "discuss and make findings as to each of the § 3553(a) factors," as only the relevant factors matter. *Cooper*, 437 F.3d at 329. It must, however, provide more than "a rote statement" of the factors if the defendant or the prosecution properly raises a ground of recognized legal merit at sentencing. *Id.* Here, the District Court stated:

> Well, I'm hearing about [Doe's] background and troubles that he's had in his family throughout his life. That's certainly very appealing. I also agreed with [the prosecutor]. When I looked at the record here, . . . [Doe] had all kinds of opportunity to change his thinking, to change his outlook, and I noticed that even when he served the three to six year sentence . . . his parole was revoked I believe on two occasions, so that he has not performed well at all.
>
> . . . . I think that the guideline range is a reasonable one given the background . . . in the presentence report. We're dealing here with a serious offense. The defendant's history has been mentioned here and was very poor. I think there's a need for deterrence and a need to promote respect for the law and provide a just punishment, so that I think the guideline is a reasonable one and I will not vary from it at this point.

App. at 49. The Court also noted that Doe was "very much in need of drug treatment." *Id.* at 53. These remarks evidence sufficient consideration of the § 3553(a) factors and adequately establish that the Court did not commit procedural error in imposing Doe's sentence.

With regard to the substantive reasonableness of the sentence imposed, the pertinent inquiry is "whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration

4

of the relevant factors." *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006). Considering Doe's recidivist tendencies, periods of failed parole, and multiple missed opportunities for reform, we conclude that the Court did not abuse its discretion by imposing the lowest sentence within the recommended range. Doe does have a troubled personal background, but his proclivity to engage in serious criminal conduct justifies the sentence imposed.

IV.

For the foregoing reasons, we affirm the order of the District Court.