

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-22-2009

# USA v. Omar Howard

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2499

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Omar Howard" (2009). *2009 Decisions.* Paper 1500.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1500

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2499

UNITED STATES OF AMERICA

v.

OMAR HOWARD

Appellant.

On Appeal of a Decision of the United States District Court
for the District of New Jersey (Crim. No. 07-442-001)
District Judge: Renee M. Bumb

Submitted under Third Circuit L.A.R. 34.1(a)
March 6, 2009

Before: SLOVITER and HARDIMAN, *Circuit Judges*,
and POLLAK, *District Judge*.[*]

(Filed: April 22, 2009 )

OPINION

---

[*] Honorable Louis H. Pollak, Senior Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

POLLAK, *District Judge*

Appellant Omar Howard challenges the reasonableness of his sentence following entry of a guilty plea for possession of a controlled substance with intent to distribute. We will affirm.

## I.

Howard was arrested in possession of seventy grams of crack cocaine after two controlled drug buys initiated by the Cumberland County Narcotic Task Force in Bridgeton, New Jersey. He cooperated with Cumberland County police and federal Drug Enforcement Administration agents, and, under an agreement with the U.S. Attorney in New Jersey, pleaded guilty to one count of possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).

At sentencing, the District Court determined that Howard had a criminal history of II under the Sentencing Guidelines because he had two previous marijuana convictions in New Jersey state courts. Howard's offense level was 27, making his guidelines range between seventy-eight and ninety-seven months. The government requested a sentence at the lower end of the range due to Howard's model behavior following arrest, his cooperation, and his "obviously impressive family support." Appx. 118-19. Defense counsel requested a downward variance to sixty months. Counsel argued that, after the earlier convictions, Howard had cleaned up his addictions, found work, and followed a law-abiding path for many years until, after a job layoff that led to economic troubles,

2.

Howard took up drug dealing as a stopgap while he sought legitimate employment. Counsel argued that Howard is a very involved father to his three children; counsel also demonstrated that Howard had substantial family support to help him after release.

The District Court reviewed all the evidence and argument, analyzed the circumstances through the § 3553(a) factors, and sentenced Howard to seventy-eight months, the bottom of the applicable guidelines range. The judge stated that, while she was impressed by much of what was said about the defendant's situation, Howard had returned to illegal activity following the light marijuana punishments and needed specific deterrence to learn to stay away from crime permanently.

## II.

We review the District Court's sentence for abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). We begin by reviewing for any procedural errors. *United States v. Sevilla*, 541 F.3d 226, 230 (3d Cir. 2008). Howard received a sentence at the bottom of the guidelines range; the court properly calculated the range, and Howard does not challenge this calculation. We therefore review the substantive reasonableness of the sentence. *Id*.

Howard argues that the sentence was unreasonable under *Gall*, 128 S. Ct. at 597, and *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006), because the "District Court focused exclusively on the need for deterrence, while failing to give meaningful consideration to the defendant's characteristics ...", his family support, and his

cooperation with state police, DEA agents, and the U.S. Attorney. Appellant's Br. at 9 (capitalizations omitted). The record of sentencing, however, demonstrates otherwise. Howard was capably represented at sentencing, and his attorney presented all mitigation arguments supporting a downward variance. JA 112 - 117. The district judge acknowledged and evaluated these arguments at the beginning of her sentencing analysis, JA 119-20, and she discussed them as she examined the § 3553(a) factors, JA 120-21. The judge expressly mentioned Howard's family support, his model behavior in prison, and his personal characteristics. While it is true that the judge focused her review on the need for general and specific deterrence, the record does not support the conclusion that these factors overwhelmed meaningful consideration of other factors and circumstances. The record makes plain that the District Court balanced all the relevant considerations in arriving at the conclusion that Howard should receive a guidelines sentence — but one at the bottom of the range, reflecting the defendant's cooperation and good behavior since arrest. In short, the record supports the conclusion that Omar Howard's guidelines sentence was reasonable.

## III.

For the reasons stated, we will affirm the sentence.

4.