

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-4-2008

# USA v. Sevilla

Precedential or Non-Precedential: Precedential

Docket No. 07-1105

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Sevilla" (2008). *2008 Decisions.* Paper 458.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/458

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1105

UNITED STATES OF AMERICA

v.

EDUARDO SEVILLA
a/k/a Wilfredo Garcia
a/k/a Mex
a/k/a Mexico
a/k/a Wilfredo Beltram

EDUARDO SEVILLA,
Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 05-cr-00363-1)
District Judge: Honorable Yvette Kane

Argued February 5, 2008

Before: MCKEE and AMBRO, <u>Circuit Judges,</u>
and IRENAS,[*] <u>District Judge</u>

Opinion filed: September 4, 2008

James V. Wade
    Federal Public Defender
Fredrick W. Ulrich (Argued)
    Assistant Federal Public Defender
Office of the Federal Public Defender
100 Chestnut Street, Suite 306
Harrisburg, PA  17101

        Counsel for Appellant

Thomas A. Marino
    United States Attorney
Eric Pfisterer
    Assistant United States Attorney
Theodore B. Smith (Argued)
    Assistant United States Attorney
United States Attorney's Office
Middle District of Pennsylvania
228 Walnut Street, Suite 220
Harrisburg, PA   17108

        Counsel for Appellee

---

[*]Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey, sitting by designation.

2

## OPINION OF THE COURT

AMBRO, Circuit Judge

Where, as here, a convicted criminal defendant presents to the District Court a colorable argument for a lower sentence under 18 U.S.C. § 3553(a), and the District Court fails to address that argument, must the defendant then object in order to preserve the argument for appeal? We conclude that, under our precedent, he need not. Accordingly, we review the District Court's omissions in this case not for plain error, but to determine whether the Court properly exercised its discretion by giving meaningful consideration to the relevant factors.

Applying this standard, we find insufficient evidence for us to discern whether the District Court meaningfully considered two of Appellant Eduardo Sevilla's arguments for a lower sentence. We thus vacate Sevilla's sentence and remand for resentencing.

## I.    Background

Sevilla pled guilty to conspiracy to distribute, and to possess with intent to distribute, cocaine base. At sentencing the Government contended that although Sevilla initially obstructed justice after his arrest, he subsequently provided substantial

3

assistance to the Government, making inappropriate an increase in the offense level under U.S.S.G. § 3C1.1 for obstruction. The Government also moved for a downward departure under U.S.S.G. § 5K1.1 based on Sevilla's assistance.

Both in his sentencing memorandum and at the sentencing hearing, Sevilla raised several grounds for a lower sentence under 18 U.S.C. § 3553(a).[1] For instance, as to his

---

[1] Considering the § 3553(a) factors to arrive at an ultimate sentence corresponds to step three of *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). For reference, § 3553(a) reads:

> **Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> > **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> > **(2)** the need for the sentence imposed—
> >
> > > **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

4

**(B)** to afford adequate deterrence to criminal conduct;

**(C)** to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** the kinds of sentences available;

**(4)** the kinds of sentence and the sentencing range established for—

**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

**(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

**(B)** in the case of a violation of probation

5

or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims

6

"history and characteristics," § 3553(a)(1), Sevilla pointed to his difficult childhood. Sentencing Memorandum on Behalf of Defendant at 4–5, *United States v. Sevilla*, No. 1:05-CR-00363 (M.D. Pa. Nov. 22, 2006). He further argued that the federal Sentencing Guidelines' disparate treatment of crack and powder cocaine created a base offense level that did not accurately reflect his culpability. *Id.* at 7–10.

The District Court agreed not to increase the offense level for obstruction. It also decreased the offense level due to acceptance of responsibility and granted the Government's motion for a downward departure for substantial assistance, though the Court noted it was reluctant to do so given Sevilla's initially obstructive behavior. The final advisory Guidelines range was 70 to 87 months, and the District Court sentenced Sevilla to 72 months' imprisonment.

The District Court did not address, however, Sevilla's arguments relating to his childhood or the crack/powder cocaine disparity. *See* App. 81–85. Rather, the Court stated:

> So having considered all of the [§] 3553(a) factors and the treatment of the co-defendants in the case, I'm going to accept the Government's

of the offense.

§ 3553(a).

recommendation and sentence the defendant, assuming a criminal history category three and a guideline range based on the downward departure motion of 70 months to 87 months, I'm going to sentence him to 72 months.

App. 82. Sevilla appeals his sentence to challenge these omissions.[2]

## II. Standard of Review

We review the District Court's sentence for abuse of discretion. *United States v. Gall*, 128 S. Ct. 586, 597 (2007). In this regard, "our role is two-fold." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008). We must "first ensure that the

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Lloyd*, 469 F.3d 319, 321 (3d Cir. 2006). The Government argues that we lack appellate jurisdiction to review the extent of the District Court's downward departure. Government's Br. 2, 10–11. This argument is irrelevant, however, because Sevilla clearly challenges only the District Court's failure in setting his sentence to address his arguments for a lower sentence under § 3553(a). *See* Sevilla's Br. 2 (framing issue as "Whether the District Court Failed to Meaningfully Consider the Relevant Factors Under Section 3553(a) of the Sentencing Reform Act of 1984").

district court committed no significant procedural error"—for instance, by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 128 S. Ct. at 597; *Wise*, 515 F.3d at 217. Second, "[i]f we determine that the district court has committed no significant procedural error, we then review the substantive reasonableness of the sentence under an abuse-of-discretion standard, regardless of whether it falls within the Guidelines range." *Wise*, 515 F.3d at 218; *see also Gall*, 128 S. Ct. at 597. Because we perceive a procedural error that requires resentencing in this case, we do not address the issue of substantive reasonableness.

Our Court's decision in *United States v. Gunter* requires district courts to follow a three-step sentencing procedure:

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before [*United State v. Booker*, 543 U.S. 220 (2005)].

> (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation,

9

and take into account our Circuit's pre-*Booker* case law, which continues to have advisory force.

(3) Finally, they are required to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

462 F.3d 237, 247 (3d Cir. 2006) (internal citations, quotation marks, and brackets omitted). As noted above, it is undisputed here that the District Court complied with steps one and two: it calculated the Guidelines range and formally ruled on the Government's motion for a downward departure under U.S.S.G. § 5K1.1. The parties disagree, however, whether the District Court complied with step three in light of its failure to address some of Sevilla's arguments for a lower sentence.

### A.     We Review for Meaningful Consideration, Not Plain Error

The Government argues that, because Sevilla failed to object to the District Court's omissions at close of sentencing, we must review those omissions for plain error. *See*

Government's Br. 2–3.[3] We disagree. Our Court's *en banc* decision in *United States v. Grier* precludes this argument. *See* 475 F.3d 556 (2007) (*en banc*). There, the defendant failed to object at sentencing after the District Court's conclusory explanation that it "believes that 100 months is reasonable in view of the considerations of [18 U.S.C. §] 3553(a)." *Id.* at 561 (alteration in original). We nonetheless reviewed, and not for plain error, the District Judge's conclusory explanation to determine whether she gave meaningful consideration to the relevant factors, because "[a]n objection to the reasonableness

---

[3] Several of our sister courts of appeals have applied plain error review to unpreserved allegations that the district court did not explain its discretionary sentence adequately. *See, e.g.*, *United States v. Penson*, 526 F.3d 331, 337 (6th Cir. 2008); *United States v. Peltier*, 505 F.3d 389, 391–94 (5th Cir. 2007); *United States v. Villafuerte*, 502 F.3d 204, 208–09 (2d Cir. 2007); *United States v. Romero*, 491 F.3d 1173, 1176–77 (10th Cir. 2007); *United States v. Gilman*, 478 F.3d 440, 447 (1st Cir. 2007); *United States v. Sylvester Norman Knows His Gun, III*, 438 F.3d 913, 918 (9th Cir. 2006). Other courts seem to disagree with this approach, however, reviewing for reasonableness. *See, e.g.*, *United States v. Dale*, 498 F.3d 604, 610 n.5, 611–12 (7th Cir. 2007); *United States v. Swehla*, 442 F.3d 1143, 1145 (8th Cir. 2006) (arguably in conflict with *United States v. Bistrup*, 449 F.3d 873, 883–84 (8th Cir. 2006) (unpreserved objection to district court's explanation reviewed for plain error)); *United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006).

11

of the final sentence will be preserved if, during sentencing proceedings, the defendant properly raised a meritorious factual or legal issue relating to one or more of the factors enumerated in 18 U.S.C. § 3553(a)." *Id.* at 571 & n.11. We ultimately concluded the Court's explanation was insufficient, as it was "devoid of substantive content and offer[ed] little assistance to an appellate tribunal." *Id.* at 571. Accordingly, we remanded the case for resentencing. *Id.* at 572.

We are mindful of cases in our Court that arguably suggest that plain error review applies where a defendant fails to object to a district court's explanation of its sentence. *See, e.g., United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006) ("[The defendant] claims his sentence is unreasonable under *Booker* because the District Court failed to adequately consider the parsimony provision of 3553(a), which directs the court to 'impose a sentence sufficient, but not greater than necessary[,]' to comply with the purposes specified in the statute. Because [the defendant] did not raise this objection at the sentencing hearing, we review his claim for plain error."); *Lloyd*, 469 F.3d at 325–26 (stating that defendant "did not advance" in the district court his contention that the district court was obligated to state its reasoning under § 3553(c)(1), and concluding that the district court's explanation "could not rise to the level of plain error or, indeed, any error at all"); *United States v. Parker*, 462 F.3d 273, 278–79 (3d Cir. 2006) (stating that, because the defendant did not object before the district court to its explanation of the sentence under § 3553(c), the court of appeals

would "review this claim for plain error," and concluding that the district court "did not plainly err" in commenting on the § 3553(a) factors).

Even assuming those decisions conflict with our later decision in *Grier*, however, we must follow *Grier*. As an *en banc* opinion, *Grier* is intervening and controlling authority. *See Reich v. D.M. Sabia Co.*, 90 F.3d 854, 858 (3d Cir. 1996) ("Although a panel of this court is bound by, and lacks authority to overrule, a [precedential] decision of a prior panel, a panel may reevaluate a precedent in light of intervening authority and amendments to statutes or regulations." (citation omitted)).

Here, Sevilla squarely raised his difficult childhood and the crack/powder disparity, both in his sentencing memorandum and at his sentencing hearing. Under *Grier*, then, the District Court's failure to address those issues did not require Sevilla to *re*-raise them to avert plain error review of these omissions.

## B. Meaningful Consideration Review

"To determine if the [district] court acted reasonably in imposing the resulting sentence, we must first be satisfied the court exercised its discretion by considering the relevant factors." *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). As we explained in *Cooper*:

The record must demonstrate the trial court gave

13

meaningful consideration to the § 3553(a) factors. The court need not discuss every argument made by a litigant if an argument is clearly without merit. Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing. . . .

On the other hand, a rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises "a ground of recognized legal merit (provided it has a factual basis)" and the court fails to address it. . . .

On this issue, we disagree with the decision of the Court of Appeals for the Eleventh Circuit in *United States v. Scott,* [426 F.3d 1324, 1329–30 (11th Cir. 2005),] where the court held a district court's statement that it considered both the defendant's arguments and the § 3553(a) factors at sentencing is by itself sufficient for *Booker* purposes.

*Id.* at 329 & n.6 (internal citations omitted); *see also Grier*, 475 F.3d at 571–72 ("The record must disclose meaningful consideration of the relevant statutory factors and the exercise of independent judgment, based on a weighing of the relevant

14

factors, in arriving at a final sentence."); *United States v. Jackson*, 467 F.3d 834, 842 (3d Cir. 2006) ("Merely reciting the § 3553(a) factors, saying that counsel's arguments have been considered, and then declaring a sentence, are insufficient to withstand our reasonableness review."); *United States v. King*, 454 F.3d 187, 196–97 (3d Cir. 2006) (stating that district courts "should observe the requirement to state adequate reasons for a sentence on the record so that this court can engage in meaningful appellate review").

## III. The District Court's Explanation Requires Remand

Here, the record does not indicate that the District Court considered the § 3553(a) factors at *Gunter*'s step three. Although the Court considered Sevilla's role in the crime compared to that of his co-conspirators,[4] it did not address Sevilla's colorable arguments relating to his childhood and the crack/powder disparity[5] other than to say that it had "considered

---

[4] We have held that "[a]lthough § 3553(a) does not require district courts to consider sentencing disparity among co-defendants, it also does not prohibit them from doing so." *Parker*, 462 F.3d at 277.

[5] The Supreme Court's decision in *Kimbrough v United States*, __ U.S. __, 128 S.Ct. 558, 575 (2007) — and our Court's sequel decision in *United States v. Gunter*, 527 F.3d 282, 286 (3d Cir. 2008), as well as *United States v. Ricks*, 494 F.3d 394, 402-03 (3d Cir. 2007) — make clear that any determination at

15

all of the [§] 3553(a) factors."  Given that "a rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises a ground of recognized legal merit (provided it has a factual basis) and the court fails to address it," *Cooper*, 437 F.3d at 329 (internal quotation marks omitted), these omissions require remand.  As in *Grier*, however, "[w]e do not suggest that the original sentence reflects anything less than the sound judgment of the District Judge, or that the final sentence should necessarily differ from the one previously imposed."  475 F.3d at 572.

## IV.    Conclusion

For the foregoing reasons, we vacate Sevilla's sentence and remand for resentencing.

---

step three that the crack/powder cocaine disparity is "too vast," *id*. at 403, must give reasons that relate to the particular defendant and not be a categorical rejection of that disparity.