

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-9-2008

# USA v. Parker

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3330

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Parker" (2008). *2008 Decisions.* Paper 554.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/554

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3330
_____

UNITED STATES OF AMERICA

v.

THOMAS PARKER
a/k/a Seagull


Thomas Parker,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 06-cr-00175-8)
District Judge:  Honorable Malcolm Muir
_____

Submitted Under Third Circuit LAR 34.1(a)
July 2, 2008

Before:  RENDELL, SMITH and FISHER, *Circuit Judges*.

(Filed: September 9, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Thomas Parker pled guilty to distribution and possession with intent to distribute in excess of five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). The District Court sentenced him to 188 months in prison, to be followed by four years of supervised release. Parker appeals his sentence, arguing that it is unreasonable. For the reasons set forth below, we will affirm the sentence imposed by the District Court.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In September 2005, Parker traveled to Pennsylvania and began transporting, cutting, packaging, and selling crack cocaine. In total, the Government estimates that Parker was accountable for purchasing and distributing approximately 250 grams of crack cocaine between December 2005 and April 2006. On May 10, 2006, a grand jury returned an indictment against Parker, charging him with distribution and possession with intent to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Parker pled not guilty to the charge. In October 2006, the Government filed an information charging Parker with distributing and possessing with intent to distribute in excess of five grams of crack cocaine base in violation of 21 U.S.C. § 841(a)(1). In December 2006, Parker appeared before the District Court and pled guilty to an

2

information. The District Court then granted the Government's motion to dismiss the indictment.

The United States Probation Office prepared a Presentence Report ("PSR") that calculated a Guidelines sentence of 188 to 235 months. The PSR assigned Parker an overall offense level of thirty-one and established that he had eight prior convictions for drug related crimes resulting in a criminal history category of VI. After reviewing the PSR and hearing arguments from Parker and the Government, the District Court imposed a sentence of 188 months' imprisonment and four years of supervised release.

On August 2, 2007, Parker timely filed a notice of appeal.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The appellant bears the burden of proving the unreasonableness of a sentence on appeal. *See United States v. Hankerson*, 496 F.3d 303, 309-10 (3d Cir. 2007). "The record must disclose meaningful consideration of the relevant statutory factors and the exercise of independent judgment, based on a weighing of the relevant factors, in arriving at a final sentence." *United States v. Grier*, 475 F.3d 556, 571-72 (3d Cir. 2007) (*en banc*); *see also United States v. Sevilla*, No. 07-1105, 2008 WL 4069453, at \*2-3 (3d Cir. Sept. 4, 2008).

III.

Parker's sole argument is that his sentence is unreasonable because the District Court did not conduct and demonstrate a meaningful consideration of the 18 U.S.C. § 3553(a) sentencing factors prior to sentencing. He asserts that if the District Court had given the § 3553(a) factors "meaningful" consideration, it would have given him a sentence below the guidelines range. The mitigating factors Parker refers to include his post-offense rehabilitation, his physical condition, his drug dependence and abuse, his lack of guidance as a youth, his family responsibilities, and his mental and emotional conditions.

We must decide "whether the [D]istrict [Court] imposed the sentence [it] did for reasons that are logical and consistent with the factors set forth in section 3553(a)." *United States v. Hoffecker*, 530 F.3d 137, 203 (3d Cir. 2008) (internal quotation marks and citations omitted). "[T]here are no magic words that a [D]istrict [Court] must invoke when sentencing, as long as the record shows that the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." *United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006) (internal quotation marks and citation omitted).

At the sentencing hearing, the District Court indicated that it had received and read the parties' briefs. The Court asked counsel to restate the arguments in the briefs and present any other information "because we want to make sure there's nothing missed."

4

Immediately prior to announcing Parker's sentence, the District Court referred to the § 3553(a) factors and gave a detailed description of Parker's background. The District Court stated:

> Mr. Parker[ is] 34 years old . . . suffers from asthma and is prescribed Dilantin for seizures. As a child he experienced emotional difficulties and was placed in special education classes. He was suspended from school when he was approximately ten years old for hitting a teacher . . . . After two months of [inpatient psychiatric] treatment, . . . he was seen at the Manhattan Children's Psychiatric Center . . . [and] Children's Village in Dobbs Ferry, New York, for continued special education classes and psychotherapy. Testing . . . indicated that Mr. Parker had an IQ of 84. He reportedly finished eleventh grade . . . . The defendant was raised by his mother in New York City. The defendant has never married but has been in a long term relationship with Vernessa Armstrong. Their union has produced two children. Mr. Parker advised the probation officer that he began using [drugs] when he was 13 years old . . . . Mr. Parker's criminal history includes a total of eight prior [drug] convictions . . . . He has a negligible employment history. We have carefully considered all of the factors set forth in 18 United States Code, Section 3553(a) . . . . We have also considered the need to avoid unwarranted sentencing disparities . . . and the need to impose a sentence that is sufficient but not greater than necessary to comply with the conditions set forth in 18 United States Code, Section 3553(a). We have also considered the presentencing briefs and the comments of the defendant and both counsel made today. After consideration of all of the above, we conclude that a sentence at the low end of the advisory guideline range is reasonable under all of the circumstances of this case. The reasons for the sentence imposed in this case are to reflect the seriousness of the offense, to promote respect for the law, to protect the public, to provide just punishment for the offense, and to deter Mr. Parker and other persons similarly situated from similar conduct in the future.

The record shows that the District Court appropriately considered the § 3553(a) factors. Accordingly, we conclude that Parker has not met his burden of showing his sentence to be unreasonable.

5

IV.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.