

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-11-2009

# USA v. Patrick Lucky

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2596

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Patrick Lucky" (2009). *2009 Decisions.* Paper 1878.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1878

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 08-2596

———

UNITED STATES OF AMERICA

v.

PATRICK LUCKY,

                                                        *Appellant*

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 07-cr-00198-1)
District Court Judge: Honorable Thomas I. Vanaskie

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 5, 2009

Before: RENDELL and ROTH, *Circuit Judges*,
and PADOVA,* *District Judge*

(Filed:  February 11, 2009)
———

OPINION OF THE COURT
———

———————

 * Honorable John R. Padova, Senior Judge of the United States District Court for the
   Eastern District of Pennsylvania, sitting by designation.

PADOVA, *Senior District Judge*

Patrick Lucky appeals his 230-month custodial sentence, imposed following his entry of a guilty plea to aiding and abetting armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291. We will affirm.

We review the District Court's sentence for reasonableness under an abuse of discretion standard. United States v. Sevilla, 541 F.3d 226, 230 (3d Cir. 2008) (citing Gall v. United States, ___ U.S. ___, 128 S. Ct. 586, 597 (2007)). "In this regard, 'our role is two-fold.'" Id. (quoting United States v. Wise, 515 F.3d 207, 217 (3d Cir. 2008)). "We must 'first ensure that the district court committed no significant procedural error' – for instance, by 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall, 128 S. Ct. at 597; Wise, 515 F.3d at 217)). "Second, '[i]f we determine that the district court has committed no significant procedural error, we then review the substantive reasonableness of the sentence under an abuse-of-discretion standard, regardless of whether it falls within the Guidelines range.'" Id. (quoting Wise, 515 F.3d at 218; citing Gall, 128 S. Ct. at 597).

2

Appellant makes no assertion that the District Court improperly calculated the Guidelines range or committed a significant procedural error. Rather, he argues that the sentence was substantively unreasonable, because the District Court failed to appropriately consider: (1) the circumstances of the crime, specifically, that he used only a toy gun to rob the bank, mitigating the seriousness of the conduct and its potential for harm; and (2) Appellant's personal circumstances, including child abuse, poverty, lack of educational and emotional support, substance abuse, and demonstration of contrition. He argues that the District Court improperly focused upon his criminal history and the criminal conduct of the bank robbery offense, and gave no meaningful consideration to his arguments on the statutory sentencing factors.

The record of Appellant's sentencing does not support these arguments. Lucky concedes that the District Court acknowledged his mitigating factors, but asserts that the Court gave them "no consideration . . . that was not otherwise included in the guidelines calculus." Lucky Br. at 18-19. This is clearly incorrect. Appellant made substantially similar arguments concerning the career offender provision in the Guidelines and in support of his arguments on the § 3553(a) factors. The District Court first calculated the Guidelines range, denying Lucky's motion for a downward departure because his criminal record "in no way overstate[d] the seriousness of his criminal past" and because his prior felony convictions were "qualifying offenses as a career offender [] of sufficient severity that they should place him in this category." A. 52.

3

The District Court then separately considered his arguments under § 3553(a)(1). After making its Guidelines calculation, the District Court specifically considered and rejected Lucky's statutory arguments regarding the circumstances of the offense, finding that his conduct created a situation "rife with danger." A. 62. The District Court also specifically rejected as a mitigating factor that Appellant used only a toy gun to commit the crime, finding the bank teller could not have know it wasn't real. Id.

Regarding his personal characteristics, the District Court recognized that Appellant had an unfortunate childhood, but rejected this as a mitigating factor because he also had chances to rehabilitate himself, and because his criminal conduct escalated over time. The District Court concluded that Appellant's personal characteristics provided no basis for mitigation because he demonstrated no redeeming characteristics. The need to protect the public, the District Court concluded, was best served by removing Appellant "from society for near as long as I could." A. 63. Based on this consideration of the statutory factors, the District Court decided to impose a sentence at the upper end of the advisory Guidelines range.

A 230-month sentence for aiding and abetting armed bank robbery by a defendant with twenty prior convictions is also not substantively unreasonable. The finding that Lucky was the prototypical career offender is inarguable. The relative significance of Appellant's admittedly troubled childhood to a sentencing decision for a crime he committed at age 36 was within the District Court's discretion to determine. So too was

4

the relative significance of the fact that Appellant had used a toy gun to commit the crime. Lucky points to no apparent abuse of that discretion. The District Court meaningfully considered all of his arguments on the statutory sentencing factors and rejected them because of Appellant's "blatant disregard for the law by continuing criminal conduct, escalating up to armed bank robbery." A. 63. Appellant has stated no good reason why this determination should be disturbed on appeal.

Accordingly, we will AFFIRM Appellant's sentence.

_____