

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2009

# USA v. Tyreke Spencer

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1873

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Tyreke Spencer" (2009). *2009 Decisions.* Paper 1486.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1486

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 08-1873

_____

UNITED STATES OF AMERICA

v.

TYREKE SPENCER,
                    Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-07-cr-00116-001)
District Judge: Honorable Joseph J. Farnan, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
April 21, 2009

Before: SCIRICA, Chief Judge, SLOVITER, and FISHER, Circuit Judges

(Filed:  April 23, 2009)

_____

OPINION

_____

SLOVITER, Circuit Judge.

Tyreke Spencer appeals the sentence imposed on him following his guilty plea to violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). He argues that his sentence should be vacated and his case remanded because the District Court failed to rule on his request for a variance.

**I.**

The Guidelines range for Spencer's offense was 57 to 71 months. On multiple occasions in Defendant's Sentencing Memorandum and at the March 7, 2008, sentencing hearing, Spencer's attorney requested that Spencer be sentenced at the bottom of or slightly below the Guidelines range.

The attorney based his request on Spencer's educational achievements, particularly his graduation from high school, acceptance into college, and securing of a job. Spencer also spoke on his own behalf about his educational accomplishments. The Government, in contrast, cited Spencer's multiple previous gun and drug offenses, and it requested a sentence "at the high end of the guideline range." App. at 32.

The District Court subsequently addressed Spencer and asked whether he recognized that "both the Government and [your attorney] have said that you should be sentenced with[in] the guideline range?" App. at 32. Spencer's attorney did not correct the record to reflect that Spencer had in fact requested a sentence at either the bottom of the Guidelines range, or slightly below.

2

The District Court reviewed the § 3553(a) factors as they related to Spencer's case, including the seriousness of the offense, Spencer's criminal history, and the need for deterrence and rehabilitation, and imposed a sentence of 59 months, which was two months above the Guidelines minimum. The Court specifically addressed Spencer's educational goals by stating, "I'm going to hopefully encourage you to . . . make an opportunity out of this. Take advantage of the programs that are offered in the federal institution. You can get educational programs." App. at 32.[1]

**II.**

Admittedly, the District Court did not explicitly rule on Spencer's request for a variance. Spencer did not object or call that to the District Court's attention. Spencer relies on our recent decision in *United States v. Sevilla,* 541 F.3d 226, 230 (3d Cir. 2008), where we held that the district court's failure to address the factual merits upon which the defendant's request for a variance was based should be reviewed for abuse of discretion rather than plain error, notwithstanding the defendant's failure to preserve the issue for appeal. We stated that "'[a]n objection to the reasonableness of the final sentence will be preserved if, during sentencing proceedings, the defendant properly raised a meritorious factual or legal issue relating to one or more of the factors enumerated in 18 U.S.C. § 3553(a).'" *Id.* at 231 (quoting *United States v. Grier*, 475 F.3d 556, 571 n.11 (3d Cir.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

2007) (en banc)).

In this case, although the District Court failed to explicitly address Spencer's request for a variance, it did address the factual merits of Spencer's request. Thus, *Sevilla*'s limited holding is inapplicable, and we review the District Court's sentencing determination for plain error. *See United States v. Watson*, 482 F.3d 269, 274 (3d Cir. 2007) (reasoning that appellant's objection to his sentence should be reviewed for plain error since it was not raised in the district court). To establish plain error, Spencer must establish that: (1) the district court erred, (2) the error was plain, and (3) it affected substantial rights. *Id.*

Under the third prong of the plain error test, there was no plain error because the outcome of the sentencing determination was not affected. Specifically, if the District Court did not think Spencer's arguments about his educational attainments warranted a sentence at the very bottom of the Guidelines range, it is illogical to think that the Court would have thought Spencer's education justified varying his sentence below the Guidelines range. Thus, to the extent the District Court erred, Spencer's substantial rights were not affected.

## III.

For the above-stated reasons, we will affirm the District Court's judgment of sentence.