

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2009

# USA v. Christian Alander

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4367

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Christian Alander" (2009). *2009 Decisions.* Paper 1222.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1222

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-4367

UNITED STATES OF AMERICA

v.

CHRISTIAN ALANDER,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 08-cr-00313-001)
Honorable James F. McClure, District Judge

Submitted under Third Circuit LAR 34.1(a)
June 2, 2009

BEFORE:  MCKEE, HARDIMAN, and GREENBERG, Circuit Judges

(Filed: June 5, 2009)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this Court on Christian Alander's appeal from a

judgment of conviction and sentence in this criminal case entered on October 27, 2008.

The appeal is limited to the single contention that "[t]he District Court erred in imposing a

lifetime term of supervised release without providing any explanation of the reasons for the imposition of such period." Appellant's br. at 10. Of course, regardless of how Alander poses the question on this appeal, his real goal is to obtain a resentencing at which he hopes the Court will impose a shorter period of supervised release. The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The parties agree that we exercise plain error review because Alander did not lodge a specific objection challenging the lifetime period of supervised lease. See Fed. R. Crim. P. 52(b); United States v. Voelker, 489 F.3d 139, 143 n.1 (3d Cir. 2007). That review, however, is superimposed on a standard providing for a court of appeals to review a sentence for reasonableness. See United States v. Sevilla, 541 F.3d 226, 231 (3d Cir. 2008).

This case cannot be understood unless we set forth its background. The District Court on the underlying conviction on October 10, 2002, sentenced Alander to an 18-month custodial term to be followed by a three-year term of supervised release. The Court required that, as a condition of the supervised release, Alander refrain from the use of computers with Internet access without approval of his probation officer. Alander violated this restriction and was cited for the violation. Consequently, the Court on February 1, 2007, sentenced him to a four-month term of imprisonment and one additional year of supervised release. Yet this additional sentence had limited, if any, impact on Alander. After he completed his custodial term, but while he still was on supervised release, and without the approval of his probation officer, Alander obtained a

2

laptop computer and hard drive and used them to view child pornography.

As a result of this new criminal conduct, Alander was charged with violation of the conditions of his supervised release as well as a plenary offense for the possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B). Pursuant to a plea agreement, Alander pleaded guilty to this new offense and acknowledged that he had violated the conditions of his supervised release. The District Court sentenced him to a 120-month custodial term to be followed by a term of supervised release for life. He then appealed.

We will affirm. Though there is no doubt that it would have been possible for the District Court to discuss the sentencing factors that 18 U.S.C. § 3553(a) sets forth at greater length, that possibility is true at any sentencing. In any event, Alander by his conduct has shown that the protection of society required nothing less than the lifetime period of supervised release, a statutory sentencing factor. 18 U.S.C. § 3553(a)(2)(C). Indeed, Alander has demonstrated that even when he is under supervision and thus is subject to an enhanced risk of detection he will obtain child pornography. We see no reason to remand this case for resentencing as the sentence was reasonable and appropriate and hardly was without precedent. See, e.g., United States v. Daniels, 541 F.3d 915, 921-24 (9th Cir. 2008).

The judgment of conviction and sentence entered October 27, 2008, will be affirmed.