

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2009

# USA v. Peak

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3797

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Peak" (2009). *2009 Decisions.* Paper 1138.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1138

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3797
_____

UNITED STATES OF AMERICA,

Appellee

v.

HASKELL PEAK,

Appellant


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cr-00510-1)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
June 12, 2009

Before: McKEE, HARDIMAN and VAN ANTWERPEN, *Circuit Judges*.

(Filed: June 25, 2009 )


_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

A jury convicted Haskell Peak on 16 counts of an 18-count indictment and the District Court sentenced him to 360 months in prison. Peak appeals, claiming that the District Court committed procedural error by failing to give meaningful consideration to his argument that his status as a career offender substantially over-represented the seriousness of his criminal history. We will affirm.

## I.

We write only for the parties, who are familiar with the case, so we recount only the essential facts.

At sentencing, Peak argued that his prior convictions did not render him a career offender under § 4B1.1 of the United States Sentencing Guidelines (USSG). Alternatively, Peak argued that even if he were "technically" a career offender, the District Court should exercise its discretion to sentence him below his Guidelines range of 360 months to life imprisonment.

The District Court properly gave short shrift to Peak's first argument, because his prior convictions for a felony drug offense and aggravated assault plainly qualified him as a career offender for purposes of § 4B1.1 of the Guidelines. Accordingly, the District Court correctly found that Peak's adjusted Guidelines imprisonment range was 360 months to life based on an offense level of 37 and a criminal history category of VI. After correctly determining Peak's Guidelines range, the District Court stated that it

2

would consider Peak's over-representation argument in conjunction with its analysis of the sentencing factors of 18 U.S.C. § 3553(a). The crux of Peak's appeal is that the District Court failed to do so.

Our review of Peak's sentencing hearing leads to the conclusion that the District Court committed no procedural error. The District Court acknowledged Peak's over-representation argument, stating that counsel "made a good argument about the sentence, the Guidelines overstating the criminal history, and he made a good argument that under [the] 3553(a) factors, your sentence should be modified." App. 87. Despite acknowledging counsel's efforts, the District Court disagreed, explaining that Peak was a "repeated offender" who earned a good living "poisoning the neighborhoods and the streets of this country." App. 81-82. The District Court also reviewed the applicable § 3553(a) factors and explained why a Guidelines sentence at the bottom of the range was appropriate in Peak's case. In sum, the record reflects due consideration of Peak's individual circumstances within the framework established by Congress in 18 U.S.C. § 3553(a).

Peak claims that vacatur and remand is required under our decisions in *United States v. Sevilla*, 541 F.3d 226 (3d Cir. 2008), and *United States v. Ausburn*, 502 F.3d 313 (3d Cir. 2007). Those cases are factually distinguishable, however. In *Ausburn*, the defendant appealed a 144-month sentence, which was well above his Guidelines range of 57 to 71 months. When Ausburn objected to the sizeable variance on the grounds that it

3

constituted an unwarranted sentencing disparity, the District Court did not address this "properly presented sentencing argument which ha[d] colorable merit and a factual basis." *Ausburn*, 502 F.3d at 329. Unlike in *Ausburn*, here the District Court specifically acknowledged Peak's argument, expressed its explicit disagreement therewith, and explained the reasons why a within-Guidelines sentence was appropriate.

In *Sevilla*, we vacated and remanded because "the record [did] not indicate that the District Court considered the § 3553(a) factors at *Gunter*'s step three." *Sevilla*, 541 F.3d at 232. Instead of addressing Sevilla's colorable arguments regarding his childhood and the crack/powder cocaine disparity, the District Court made a rote statement that it had considered all of the § 3553(a) factors. The District Court made no such rote statement in Peak's case. Accordingly, we see no reason to disturb the judgment below.