**UNITED STATES of America**

v.

**Joe MENSAH, aka Kwabena Mensah,**

**Joe Mensah, Appellant.**

**No. 08–2921.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 13, 2009.

Opinion filed: July 13, 2009.

George S. Leone, Esq., John F. Romano, Esq., Office of United States Attorney, Newark, NJ, for Plaintiff–Appellee.

Kwabena Mensah, David P. Schroth, I, Esq., Trenton, NJ, for Defendant–Appellant.

Before: AMBRO and ROTH Circuit Judges and FISCHER *, District Judge.

OPINION

AMBRO, Circuit Judge.

In March 2003, Joe Mensah was convicted in the District of New Jersey of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine (in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), (b)(1)(ii)) and conspiracy to export more than five kilograms of cocaine (in violation of 21 U.S.C. § 953 and 21 U.S.C. § 960(b)(1)(B)). In October 2003, he was sentenced to 240 months' imprisonment. We affirmed his conviction on appeal, but vacated his sentence and remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *See United States v. Oppong*, 165 Fed. Appx. 155 (3d Cir.2006). In May 2008, Mensah was again sentenced to 240

* Honorable Nora Barry Fischer, United States District Judge for the Western District of Pennsylvania, sitting by designation.

months' imprisonment. He now appeals that sentence, and we affirm.[1]

We require a district court to follow a three-step sentencing procedure. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir.2006). First, the Court must calculate the defendant's Guidelines sentence. Next, it must formally rule on both parties' motions and indicate whether a departure from the Guidelines is being granted. Finally, the Court must exercise its discretion by considering the relevant 18 U.S.C. § 3553(a) factors in imposing its sentence. A district court's consideration of the relevant § 3553(a) factors must be "rational and meaningful." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir.2007) (*en banc*). That is, "[m]erely reciting the § 3553(a) factors, saying that counsel's arguments have been considered, and then declaring a sentence, are insufficient to withstand ... reasonableness review." *United States v. Jackson*, 467 F.3d 834, 842 (3d Cir.2006).

Mensah's sole argument on appeal is that his sentence was procedurally unreasonable because the District Court failed to give meaningful consideration to whether he warranted a lower sentence under § 3553(a) based on his "history and characteristics."[2] More specifically, he argues that the Court failed to address adequately his family circumstances, his lack of prior convictions, and his postconviction rehabilitative conduct.

We disagree. The record demonstrates that the District Court extensively addressed each of the potentially mitigating factors raised by Mensah. It noted that his family situation (three school-aged children being raised by his wife), while poignant, was "not at all unusual" and was "the common plight of the families of those convicted of federal crimes," found that his lack of prior convictions was fully accounted for in the calculation of his Sentencing Guidelines range, and described Mensah's postconviction efforts at rehabilitation (in particular, his effort to overcome his alcohol dependency) as "laudable and to be encouraged," but not "outside of the heartland of the types of responsible behavior that we would hope to see."

Mensah contends, however, that this was insufficient, as the Court addressed the factors he raised in the context of his motion for a departure from the Guidelines, not his request for a variance under § 3553(a). We are not persuaded that this distinction makes any difference in these circumstances. At his sentencing hearing, Mensah acknowledged that he was requesting a departure and a variance on exactly the same grounds. The District Court indicated explicitly that it was going to consider the mitigating factors raised by Mensah "in both lights" (*i.e.*, as grounds for either a departure or a variance). Thus, the Court's later statement that, in imposing the 240 months' sentence, it had considered the "history and characteristics of the defendant," was sufficient, in light of that prior discussion, to satisfy the Court's obligation to give meaningful consideration to the § 3553(a) factors raised by the defendant.

Accordingly, we affirm the sentence of the District Court.

---

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C § 1291 and 18 U.S.C. § 3742(a). "We review the District Court's sentence for abuse of discretion." *United States v. Sevilla*, 541 F.3d 226, 229 (3d Cir.2008).

2. Section 3553(a)(1) instructs a court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" in imposing a sentence. 18 U.S.C. § 3553(a)(1).