**UNITED STATES of America,**

v.

**Jerry CARVER, Appellant.**

**No. 08–3970.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 22, 2009.

Filed: Sept. 30, 2009.

Melanie Babb Wilmoth, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Sarah S. Gannett, Esq., Defender Association of Philadelphia, Philadelphia, PA, for Appellant.

Before: BARRY, FISHER and JORDAN, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

Jerry Carver appeals his conviction and sentence after a jury found him guilty of possession of a firearm by a convicted felon, possession with intent to distribute cocaine base, possession of heroin, and possession of marijuana. For the reasons that follow, we will affirm Carver's conviction but vacate his sentence and remand for resentencing.

### I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On May 17, 2007, Philadelphia police officers observed what appeared to be the butt of a firearm protruding from Carver's waistband while he was riding a bicycle. When one of the officers instructed Carver to stop, Carver dismounted the bicycle and fled on foot. The officers saw Carver remove the gun from his waistband and toss it to the ground. After pursuing and arresting Carver, the officers retraced his steps. They found a loaded Ruger P–95 nine millimeter semiautomatic firearm and a magazine containing thirteen rounds of ammunition. They also found two baggies, one of which contained forty-eight ziplock packets of cocaine base and three glassine packets of heroin, and the other of which contained marijuana.

Thereafter, Carver was indicted in the Eastern District of Pennsylvania for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1); use of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); possession of heroin in violation of 21 U.S.C. § 844(a); and possession of marijuana in violation of 21 U.S.C. § 844(a). A jury found Carver not guilty of use of a firearm during a drug trafficking crime but found him guilty of the four other charges.

Prior to sentencing, Carver filed a Sentencing Memorandum in which he asked for a sentence below his Sentencing Guidelines range based on the crack/powder cocaine disparity in the Guidelines, a position he reiterated at his sentencing hearing. The District Court sentenced Carver to sixty-six months in prison and three years of supervised release, and imposed a $1,000 fine and a $300 special assessment.

On appeal, Carver argues that 18 U.S.C. § 922(g)(1), the felon-in-possession statute, is unconstitutional and that his conviction under that statute is therefore invalid. He also argues that his sentence must be vacated because the District Court failed to consider his argument for a lesser sentence based on the crack/powder cocaine disparity in the Guidelines.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review over a challenge to the constitutionality of a statute. *See United States v. One Toshiba Color Television,* 213 F.3d 147, 151 (3d Cir.2000) (en banc); *United States v. Rodia,* 194 F.3d 465, 469 (3d Cir.1999). We review the District Court's sentence for reasonableness under the abuse-of-discretion standard. *See Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 594, 597, 169 L.Ed.2d 445 (2007); *United States v. Tomko,* 562 F.3d 558, 567 (3d Cir.2009) (en banc) (citations omitted).

## III.

### A.

Carver asserts that 18 U.S.C. § 922(g)(1) is unconstitutional in light of *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). We quickly dispatch this argument, as it has been consistently rejected by this Court. *See, e.g., United States v. Singletary,* 268 F.3d 196, 205 (3d Cir.2001). Because we have already decided this issue, we need not revisit it in this case.[1]

### B.

Carver contends, and the government does not dispute, that he should be resentenced because the District Court did not expressly consider his argument for a lesser sentence based on the crack/powder cocaine disparity in the Guidelines.

District courts in this Circuit must follow a three-step sentencing procedure. First, they "must continue to calculate a defendant's Guidelines sentence precisely as they would have before [*United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ]." *United States v. Gunter,* 462 F.3d 237, 247 (3d Cir.2006) (citations omitted). Next "they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-*Booker* case law, which continues to have advisory force." *Id.* (alterations, internal quotation marks and citation omitted). Finally, "they are required to exercise their discretion by considering the relevant [18 U.S.C.] § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines." *Id.* (other alterations, internal quotation marks, citation and footnote omitted).

In *United States v. Sevilla,* 541 F.3d 226 (3d Cir.2008), we remanded for resentenc-

---

1. Carver concedes that he makes this argument only to preserve it for Supreme Court review.

ing where the District Court, in its consideration of the § 3553(a) factors, failed to address Sevilla's argument for a below-Guidelines sentence based on the crack/powder cocaine disparity. As we explained in *Sevilla*, "a rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises a ground of recognized legal merit (provided it has a factual basis) and the court fails to address it." *Id.* at 232 (quotation omitted).

The District Court's failure in this case to address Carver's argument for a lesser sentence, as the parties agree, is indistinguishable from the scenario we faced in *Sevilla*. Therefore, we will remand this case to allow the District Court to resentence Carver. In light of this disposition, we express no opinion on the substantive reasonableness of Carver's sentence.

### IV.

For the foregoing reasons, we will affirm Carver's conviction but vacate his sentence and remand for resentencing.