**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————————

No. 11-4176
———————————

UNITED STATES OF AMERICA

v.

TARIK DEPASS,
a/k/a RIK

Tarik DePass,

Appellant
———————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-09-cr-00686-001)
District Judge: Honorable Joel H. Slomsky
———————————

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2013

Before:  SCIRICA, AMBRO, and FUENTES, <u>Circuit Judges</u>

(Opinion filed: January 17, 2013)

———————————

OPINION OF THE COURT
———————————

FUENTES, <u>Circuit Judge</u>:

Defendant/Appellant Tarik Depass was convicted by a jury in the United States District Court for the Eastern District of Pennsylvania of one count of robbery of a postal employee in violation of 18 U.S.C. § 2114(a). The District Court sentenced Depass to a term of forty-one months' imprisonment. On appeal, Depass argues that the evidence presented at his trial was insufficient to sustain his conviction, and also that his sentence was subjectively unreasonable. For the reasons that follow, we will affirm the conviction and sentence.

I.

Because we write solely for the parties, we recite only those facts essential to our decision. At trial, United States postal service worker Elsa Ortiz testified that, on September 14, 2009, she attempted to deliver a large package addressed to Jalen Wilson at 463 E. Cheltenham Ave. in Philadelphia. When she arrived at that address, Ortiz encountered Depass, who claimed to be Jalen Wilson. When Ortiz requested identification, Depass provided a driver's license bearing a different name and address. As a result, Ortiz refused to give the package to Depass, and drove to a location a few blocks away. Later that day as Ortiz was standing outside of her vehicle, Depass approached, pushed her from behind, entered the back of the vehicle, and grabbed the package. Depass then exited the vehicle and got into a waiting car, which drove away.

On August 5, 2011 a jury convicted Depass of one count of robbery of a postal employee in violation of 18 U.S.C. § 2114(a). The District Court deferred sentencing pending the preparation of a Presentence Report ("PSR"), which was issued in October 2011. The Sentencing Guidelines assign a base offense level of 20 to the crime of

robbery of a postal employee and provide a list of enumerated enhancements based upon specific offense characteristics. See U.S.S.G. § 2B3.1. The PSR applied a two-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(1) because the property of the United States post office was the object of the offense and a postal service employee was a victim. The PSR indicated Depass's total offense level was 22. Based on his one criminal history point,[1] the PSR designated Depass as having a criminal history category of I. Accordingly, his Guidelines range was 41-51 months' imprisonment. No factors under 18 U.S.C. § 3553(a) were identified as warranting a sentence outside the advisory Guidelines range. On November 15, 2011, the District Court sentenced Depass to a term of 41 months' imprisonment and three years of supervised release. This timely appeal followed.[2]

## II.

On appeal, Depass argues that the evidence presented at his trial was insufficient to sustain his conviction, and also that his sentence was subjectively unreasonable.

## A.

Depass argues that there was insufficient evidence presented at trial to convict him of robbery, as his physical interaction with Ortiz amounted to nothing more than

---

[1] The point was based on a single 2008 conviction for possessing a controlled substance.
[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction over the final judgment of conviction and sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

"incidental touching."[3]  Appellant's Br. at 13.  Title 18 U.S.C. § 2114(a) makes it a crime

to:

> assault[] any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or rob[] or attempt[] to rob any such person of mail matter, or of any money, or other property of the United States . . . .

Robbery is not defined in § 2114(a), and thus courts have given the word its common law

meaning, that is, "the taking . . . of property from the person of another against his will by

violence or putting him in fear."  United States v. Rodriguez, 925 F.2d 1049, 1052 (7th

Cir. 1991) (quoting Costner v. United States, 139 F.2d 429, 431 (4th Cir. 1943)).

Whether a robbery occurred is generally a question of fact to be resolved by the jury, not

a question of law to be resolved in the first instance by the reviewing court.  Id. at 1052

n.3.  Given that Depass admits that he pushed Ortiz in an effort to retrieve the package,

there was sufficient evidence for a rational trier of fact to conclude that a robbery did

occur under § 2114(a).

## B.

Our review of the reasonableness of the District Court's § 3553(a) analysis is two-

fold.  First, we "determine whether the trial court considered the § 3553(a) factors and

any sentencing grounds properly raised by the parties which have recognized legal merit

and factual support in the record.  Then, we ascertain whether those factors were

---

[3] Because Depass did not move for a judgment of acquittal in the district court based on sufficiency of the evidence, his claim is reviewed for plain error.  United States v. Gordon, 290 F.3d 539, 547 (3d Cir. 2002).

reasonably applied to the circumstances of the case." United States v. Lopez, 650 F.3d 952, 963–64 (3d Cir. 2011) (internal quotation marks and citations omitted).

Depass claims that the District Court's application of § 3553(a) was unreasonable because it failed to consider relevant evidence of the nature and circumstances of the offense, as well as his personal and criminal history, which was sufficient to warrant a sentence outside the applicable Guidelines range. Our review of the record, however, indicates that the District Court indeed considered this evidence. While giving due consideration to the particular nature and circumstances of the offense, as well as the history and characteristics of the defendant, the District Court also considered the countervailing § 3553(a) consideration of the need for the sentence imposed. Particularly, the Court expressed concern with the potential for injury caused by Depass's actions, as well as the fact that it "was an unprovoked robbery of someone who . . . was a representative of the United States who was just doing their job." Supplemental Appendix 157. Furthermore, the District Court considered Depass's dearth of prior work history and apparent lack of motivation. This analysis is sufficient to show that the District Court "adequately demonstrate[d] its exercise of 'independent judgment' and meaningful consideration of the relevant sentencing factors." United States v. Merced, 603 F.3d 203, 215 (3d Cir. 2010) (quoting United States v. Sevilla, 541 F.2d 226, 232 (3d Cir. 2008)).

Based on its assessment of the above factors, the District Court concluded that a sentence at the low end of the Guidelines range was reasonable. In so doing, the Court explicitly stated that it found this sentence necessary to reflect the seriousness of the

5

offense, and the need to protect postal service employees from danger. We are satisfied that this explanation met the Court's "obligation to provide sufficient justifications on the record to support the sentencing conclusion." United States v. Levinson, 543 F.3d 190, 196 (3d Cir. 2008) (citing Gall v. United States, 552 U.S. 38, 50 (2007)). Though the sentence imposed on Depass is admittedly lengthy given his minimal criminal history, it was at the bottom of the Guidelines range, and was not substantively unreasonable.

## III.

In sum, we conclude that the evidence presented at trial was sufficient to sustain Depass's conviction for robbery of a postal employee in violation of 18 U.S.C. § 2114(a). In addition, we conclude that the District Court gave adequate consideration to the § 3553(a) factors and that the 41-month sentence it imposed on Depass was substantively reasonable. Accordingly, we will affirm the conviction and sentence.