

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2009

# USA v. Jermaine Williams

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4355

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Jermaine Williams" (2009). *2009 Decisions.* Paper 1387.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1387

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 08-4355

UNITED STATES OF AMERICA

v.

JERMAINE WILLIAMS,

Appellant

On Appeal from the United States District Court
for the District of the Virgin Islands
(D.C. Criminal No. 3-08-cr-00017-001)
District Judge: Hon. Curtis V. Gomez

Argued April 21, 2009

BEFORE: BARRY, HARDIMAN and COWEN, Circuit Judges

(Filed:  May 8, 2009)

Everard E. Potter, I, Esq. (Argued)
Office of the United States Attorney
United States Courthouse
5500 Veterans Building, Suite 260
Charlotte Amalie, St. Thomas
USVI, 00802-6924

Counsel for Appellee

George H. Hodge, Jr., Esq. (Argued)
P.O. Box 803
Charlotte Amalie, St. Thomas
USVI 00804-0000

<hr>

OPINION

<hr>

COWEN, Circuit Judge

After pleading guilty to bank robbery, Appellant, Jermaine Williams, was sentenced to 60 months incarceration by the District Court for the U.S. Virgin Islands. On appeal, Williams argues that his sentence, which is above the recommended Guidelines range of 24 to 30 months, is unreasonable. We find, however, that the District Court did not abuse its discretion in sentencing Williams to 60 months incarceration. Accordingly, we will affirm.

**I.**

Around midday on January 18, 2008, Williams snuck up behind two Banco Popular employees who were in the process of replenishing an ATM and grabbed a bank bag containing $105,000 in cash out of the hands of one of the employees. Williams, who was unarmed, had learned from a former bank teller when the ATM would be restocked. After Williams grabbed the bag of money, he ran away. He shared the proceeds of his heist with an individual, who was minor at the time.

Williams was charged with bank robbery in violation of 18 U.S.C. § 2113 and eventually pled guilty. At the sentencing hearing, the District Court calculated

Williams's Sentencing Guidelines range to be 24 to 30 months, based on an offense level of 17 and a criminal history category of I. After hearing from defense counsel, Williams himself, and an attorney for the Government, the District Court imposed a 60 month sentence, acknowledging that the sentence was above the suggested advisory Guidelines range. Williams filed a timely appeal.[1]

**II.**

Appellate courts review a sentence imposed by a district court for reasonableness. Gall v. United States, 128 S. Ct. 586, 594 (2007). This two-part review is limited yet important; it ensures "that a substantively reasonable sentence has been imposed in a procedurally fair way." United States v. Levinson, 543 F.3d 190, 195 (3d Cir. 2008). We begin by conducting a procedural review to determine whether the District Court has significantly erred by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597. If no procedural errors have been committed, we then consider the substantive reasonableness of a sentence under an abuse of discretion standard. Id.; Levinson, 543 F.3d at 195.

A district court must follow a three-step process when imposing a sentence on a

---

[1] We have jurisdiction over Williams's appeal pursuant to 28 U.S.C. § 1291 and § 1294 and 18 U.S.C. § 3742.

criminal defendant.  See Gall, 128 S. Ct. at 596; United States v. Sevilla, 541 F.3d 226, 230 (3d Cir. 2008); United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006).  First, the district court must correctly calculate the applicable Guidelines range.  Gall, 128 S. Ct. at 596.  In calculating the appropriate Guidelines range, the district court must formally rule on any motions of the parties and state on the record whether or not a departure has been granted.  Sevilla, 541 F.3d at 230 (citing Gunter, 462 F.3d at 247).  Finally, the district court must consider all of the § 3553(a) factors and their impact on the recommended sentence.  Gall, 128 S. Ct. at 596.  Once a sentence has been selected, the district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."  Id. at 597.

## A.  Procedural Fairness

Williams does not take issue with the District Court's calculation of the Guidelines recommended sentence.  Nor does he suggest that the District Court failed to consider all of the § 3553(a) factors or that the District Court failed to adequately explain its reasoning behind the upward variance.  Indeed, the Sentencing Transcript reveals that the District Court provided a solid foundation for its decision to impose a 60 month sentence.  Because no procedural errors have been committed, this Court must consider whether the District Court abused its discretion by imposing a substantively unreasonable sentence.

## B.  Substantive Reasonableness

On a reasonableness review, a sentence must be affirmed if it "falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors." United States v. Wise, 515 F.3d 207, 218 (3d Cir. 2008). We "may consider the extent of [the] deviation from the Guidelines range," but due deference must be given to the district court's decision that the § 3553(a) factors justify the extent of the variance. Id. Extraordinary circumstances are not required to justify a sentence outside of the Guidelines range. Gall, 128 S. Ct. at 595. Under no circumstances, however, may we "reverse the district court simply because we would have imposed a different sentence." Wise, 515 F.3d at 218; see also United States v. Tomko, __ F.3d __ , 2009 U.S. App. LEXIS 8227, at ** 2, 43 (3d Cir. Apr. 17, 2009) (en banc).

In imposing an above Guidelines sentence of 60 months, the District Court stated that it had considered the § 3553(a) factors. Specifically, the District Court considered the nature and circumstances of the offense, finding that bank robbery was very serious. J.A. at 21. The District Court also considered the history and characteristics of the defendant, finding that Williams had moved up from attempted robbery of a store when he was a minor to the successful robbery of a bank as an adult. J.A. at 12, 21. The District Court also noted that Williams committed the offense a week after his daughter was born, which suggested that he was irresponsible, rather than a contributing member of society. J.A. at 14.

The District Court next considered the need for the sentence imposed to reflect the

5

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. J.A. at 21-22. The District Court noted that under § 2113, the maximum sentence that could be imposed was 10 years. The District Court also emphasized that there was a need to promote respect for the law. J.A. at 22. The District Court was plainly bothered by the fact that Williams had failed to complete the community service to which he had been sentenced following a previous conviction and the involvement of minors on both occasions. See J.A. at 12, 21. Given the similarities with the past offense, the District Court was not moved by Williams's claim that he had made a mistake on this occasion. See J.A. at 22.

Ultimately, the District Court concluded that Williams had not shown "enough respect for the law." J.A. at 23. Accordingly, the District Court sentenced Williams to 60 months incarceration. J.A. at 23. The District Court acknowledged that the sentence was above the recommended Guidelines range, but explained that there were more factors to consider than just the recommended Guidelines range. J.A. at 24. The District Court believed that it was showing some leniency to Williams, considering that it could have imposed a sentence of 120 months. The District Court stated that 60 months struck an "appropriate balance" between deterrence and the potential for rehabilitation. J.A. at 24.

Williams argues that the District Court abused its discretion in imposing an above Guidelines sentence by improperly extrapolating information from the Presentence

Report and misreading his criminal history. He submits that he was not previously arrested for attempted robbery, but for destruction of property. Williams does not deny however that he only completed 57 of the 150 hours of assigned community service.[2] He further submits that the extent of the minor's involvement was never clearly explained, so any conclusion by the District Court regarding the minor's involvement was based on impermissible speculation. Finally, Williams submits that the District Court's justification for the 60 month sentence was not sufficiently compelling to support the extent of the variance, especially when the Government was not asking for an above Guidelines sentence.

Williams's arguments are not persuasive. The District Court imposed a reasonable sentence and did not abuse its discretion by sentencing Williams above the recommended Guidelines range. The District Court clearly explained its reasoning in the context of the § 3553(a) factors: the lack of respect for the law as evidenced by Williams's failure to complete his community service, combined with the escalation of his criminal activity and the repeated involvement of minors, prompted the District Court to impose a longer sentence than recommended by the Guidelines, but one that was well

---

[2] Williams also maintains that the District Court erroneously stated that he was on probation. Appellant's Br. at 12. The District Court did note that Williams "was on probation," see J.A. at 12; but it seems, given the use of the past tense, that the District Court was under the impression that Williams had completed his probation and not, as Williams's brief appears to suggest, that Williams was on probation at the time he was sentenced for the bank robbery. Regardless, the District Court does not rely on Williams's probationary status as a reason for his enhanced sentence.

within the statutory maximum.

The fact that the District Court incorrectly identified Williams's prior destruction of property offense as attempted robbery is of no consequence. The District Court's repeated references to respect for the law suggest that it was more concerned with the fact that the community service was not completed—a fact that Williams does not contest—than with the exact nature of the crime. Nor is it relevant that the extent of the minor's participation in the offense was not described in the Presentence Report. There was a general consensus among the parties at sentencing that the minor was involved, enough to justify a 2 level increase for the involvement of minor, see U.S.S.G. § 3B1.4. Williams does not contend that the minor was not involved in the crime, only that his participation was not fully described in the Presentence Report. This argument is insufficient to call into question the reasonableness of the District Court's decision. The District Court is in the best position to determine an appropriate sentence, United States v. Cooper, 437 F.3d 324, 330 (3d Cir. 2006), and nothing in the record here suggests that the District Court abdicated its responsibility or abused its discretion in sentencing Williams.

## III.

For the reasons set forth above, Williams's sentence will be affirmed.