**UNITED STATES of America**

v.

**William CURRIE, Appellant.**

**No. 08–1167.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on July 17, 2009.

Filed: July 27, 2009.

William S. Houser, Esq., Office of United States Attorney, Scranton, PA, for United States of America.

Before: RENDELL, FUENTES, and ROTH, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

William Currie pled guilty to one count of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). The District Court sentenced him to 151 months' imprisonment, at the bottom of the Sentencing Guidelines, and three years supervised release. On appeal, he argues that the District Court erred procedurally by failing to compute the Guidelines range properly, by not adequately considering the sentencing factors in 18 U.S.C. § 3553(a), and by giving the Guidelines a presumptive effect. Second, Currie argues that the District Court imposed an unreasonable sentence. We conclude that the District Court imposed a procedurally proper and substantively reasonable sentence, and we will affirm the court's sentencing order.

Currie was a member of a drug trafficking operation that distributed heroin and cocaine base ("crack") in Luzerne County, Pennsylvania. In July, 2005, police recovered large quantities of heroin, crack, and marijuana, along with cash and eight firearms at Currie's business and residence in Wilkes–Barre, Pennsylvania. A grand jury indicted him on seven counts of drug trafficking and weapons offenses. Currie cooperated with the prosecution and pled guilty to the heroin distribution count and, in return, the prosecution dismissed the remaining charges against him. In his plea agreement, Currie agreed to a sentence of 162 months' imprisonment and three years supervised release.

## DISCUSSION

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review the District Court's sentence for reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586,

594, 169 L.Ed.2d 445 (2007). The prosecution argues for plain error review because Currie did not object to the court's procedural errors at sentencing, citing *United States v. Parker*, 462 F.3d 273, 278 (3d Cir.2006). However, this "Court's en banc decision in *United States v. Grier* precludes this argument." *United States v. Sevilla*, 541 F.3d 226, 231 (3d Cir.2008) (citing *United States v. Grier*, 475 F.3d 556 (3d Cir.2007)). *Grier* held that "[a]n objection to the reasonableness of the final sentence will be preserved if, during sentencing proceedings, the defendant properly raised a meritorious factual or legal issue relating to one or more of the factors enumerated in 18 U.S.C. § 3553(a)." 475 F.3d at 571 n. 11. In *Sevilla*, we rejected the prosecution's argument for plain error review because "Sevilla squarely raised his difficult childhood and the crack/powder disparity, both in his sentencing memorandum and at his sentencing hearing." *Sevilla*, 541 F.3d at 231.

Here, as in Sevilla, Currie asked the District Court to consider various § 3553(a) factors such as his nature and character, commitment to his family, pledge to become a productive member of society, and recognition of the seriousness of his crimes and the effect they had on innocent victims. It is evident that the District Court took these factors into consideration, especially Currie's remorseful nature and his responsibilities to his children and their mother. Thus, since Currie raised a factual issue before the court relating to § 3553(a) factors, plain error review is not appropriate.

■ Under an abuse of discretion standard, we review the District Court's sentence to ensure that the court committed no significant procedural error and that the sentence imposed was a reasonable one. *Gall*, 128 S.Ct. at 594 (2007). Although the District Court could have been more explicit in reasoning through the Guidelines, we nevertheless conclude that the District Court committed no significant procedural error amounting to an abuse of discretion. The District Court accurately calculated the Guidelines range, did not treat the Guidelines as binding, and adequately considered the § 3553(a) factors.

The District Court did not specifically mention the Guidelines range, but it is clear from the record that the court calculated the range before imposing sentence. Currie's PSR assigned him a Criminal History Category of VI, the highest level available, because of his extensive criminal history, and an offense level of twenty-nine because he was involved in a drug trafficking and weapons conspiracy. This resulted in a Guidelines range of 151–188 months. Currie originally objected to his PSR, but withdrew these objections at his sentencing hearing. After referencing Currie's PSR, the court elected to impose a "[G]uideline[s] sentence" of 151 months, at the bottom of the Guidelines range. (App.87.) The court did not arrive at this figure by chance. Rather, the court reviewed Currie's PSR, consulted with his probation officer, calculated the Guidelines range, and employed its discretion to impose an appropriate sentence.

In addition to calculating the Guidelines range, it is evident that the District Court did not treat the Guidelines as mandatory. In fact, the District Court noted several times that it was the court's own independent judgment—not its adherence to the Guidelines—that brought the court to its decision. While the court was "obliged to *consider*" the Guidelines range, ultimately, it was "the *judgment of the court* that [Currie] ... be imprisoned for a term of 151 months." (App.87) (emphasis added). The court also considered giving Currie a lighter sentence, but, because Currie was a career offender, there was "no way" the

court could "stretch his record" and impose a sentence below the Guidelines. (App.87.) If the court indicated it considered departing from the Guidelines, then it could not have considered them mandatory.

Finally, it is evident that the District Court recognized its duty to consider the § 3553(a) factors and took them into consideration. Each § 3553(a) factor need not be explicitly addressed if the record demonstrates the court took the factors into account. *United States v. Lessner,* 498 F.3d 185, 203 (3d Cir.2007). Here, the court stated that, "in addition to [Currie's sentence] being the [G]uideline[s] sentence because of his record, . . . we have [considered] the provisions of [§ 3553(a) ], which a judge has to take into consideration, in fashioning a reasonable and responsible sentence." (App.87.) The District Court addressed the history of the defendant, the serious nature of the crime, the implications of Currie's involvement in a drug and weapons conspiracy, and the need for punishment and rehabilitation. The court also considered the types of sentences available to Currie and the kind of sentence the Guidelines called for in this instance. Finally, for rehabilitation purposes, the District Court requested that Currie be placed in a drug treatment program in prison and at a facility located near his family. The court summed up its discussion by finding that "[t]he sentence satisfies the purposes of § 3553(a)." We conclude that the District Court adequately addressed the factors.

█ We conclude that the sentence was substantively reasonable, too. A within-Guidelines sentence is more likely to be a reasonable one. *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); *United States v. Cooper,* 437 F.3d 324, 331 (3d Cir.2006). We will affirm a sentence as long as it "falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors." *Gall,* 128 S.Ct. at 597.

Currie's sentence falls within that range. The District Court properly considered Currie's participation in a drug trafficking and weapons conspiracy that preyed on innocent victims, as well as his remorse and his commitment to his family. Given Currie's extensive criminal history and the nature of his offense, the sentence was reasonable and well within the range of possible sentences. Indeed, it is less than the 162 months Currie agreed to in his plea agreement.

In sum, the District Court accurately calculated the Guidelines range, did not treat the Guidelines as mandatory, gave proper consideration to the § 3553(a) factors, and imposed a reasonable sentence at the bottom of the Guidelines, and we will not disturb its order.

For the reasons set forth above, we will AFFIRM the Order of the District Court.