**UNITED STATES of America**

v.

**Shawn SHIMP, Appellant.**

**No. 08–2725.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 13, 2009.

Opinion filed: Nov. 27, 2009.

Frederick E. Martin, Esq., Office of United States Attorney, Williamsport, PA, for Plaintiff–Appellee.

Ronald C. Travis, Esq., Rieders, Travis, Humphrey, Harris, Waters & Waffenschmidt, Williamsport, PA, for Appellant.

Before: AMBRO, ROTH and FISCHER,* Circuit Judges.

## OPINION

AMBRO, Circuit Judge.

Shawn Shimp was convicted in the Middle District of Pennsylvania of conspiracy to commit bank robbery and sentenced to 60 months' imprisonment. He now appeals that sentence as procedurally and substantively unreasonable. We affirm.[1]

### I.

On November 18, 2005, Shawn Shimp and Kenneth Harpster entered Susquehanna Bank and Trust in Beavertown, Pennsylvania. Armed with a pistol and a sawed-off shotgun, Shimp and Harpster forced the bank's customers and employees to the ground. The men left the bank with $5,426.21 and escaped in a truck driven by Shawn Sassaman.

Shimp was charged with armed bank robbery (in violation of 18 U.S.C. § 2113(d)); conspiracy to commit bank robbery, possess a firearm with an obliterated serial number, and possess a sawed-off shotgun (in violation of 18 U.S.C. § 371); and possession of a firearm in furtherance of a crime of violence (in violation of 18 U.S.C. § 924(c)(1)(A)). He entered into a cooperation plea agreement with the Government and identified Sassaman and Harpster as his co-conspirators. Shimp also disclosed his involvement in another unsolved attempted robbery that occurred in December 2005. In return for his cooperation, the Government agreed to (1) move to dismiss the possession of a firearm in furtherance of a crime of vio-

---

* Honorable Nora Barry Fischer, United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under

28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). "The abuse-of-discretion standard applies to both our procedural and substantive reasonableness inquiries." *United States v. Tomko,* 562 F.3d 558, 567 (3d Cir.2009) (*en banc*).

lence and armed bank robbery counts, and (2) move for a downward departure pursuant to U.S.S.G. § 5K1.1.

With an offense level of 29 and a criminal history category of I, Shimp's Guidelines range of imprisonment would have been 87 to 108 months. Because conspiracy carries a maximum penalty of five years' imprisonment, however, the Guidelines sentence was 60 months. U.S.S.G. § 5G1.1(a). Prior to sentencing, the District Court granted the Government's motion for a downward departure and departed by six levels. As a result, Shimp's adjusted Guidelines range was 33 to 41 months' imprisonment.

At sentencing, the Government recommended a sentence within the Guidelines range. Shimp moved for a downward variance in light of his various mental health issues[2] and his substantial cooperation with the Government. The District Court denied Shimp's motion for a downward variance and imposed the statutory maximum of 60 months' imprisonment (*i.e.*, an upward variance of 19 months).

## II.

"Our responsibility on appellate review of a criminal sentence is limited yet important: we are to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way." *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir.2008). Our review proceeds in two stages. First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range."

*Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Second, we consider the totality of the circumstances to determine whether the sentence is substantively reasonable. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir.2009) (*en banc*). "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568.

A sentence within the advisory Guidelines range is more likely to be reasonable than one outside the Guidelines range. *United States v. Cooper*, 437 F.3d 324, 331 (3d Cir.2006). We may not, however, "presume that a sentence is unreasonable simply because it falls outside the" Guidelines range. *Tomko*, 562 F.3d at 567. Rather, "[w]here ... a district court decides to vary from the Guidelines' recommendations, we 'must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Id.* at 561 (*quoting Gall*, 552 U.S. at 51, 128 S.Ct. 586).

## III.

■ Shimp first argues that the District Court misapplied § 3553(a)(6), which directs sentencing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." He asserts the District Court misapplied this factor in two ways: first, by considering the sentence of 60 months' imprisonment that his co-defendant Harpster received; and second, by regarding Harpster and him as "similarly situated" while failing to take into account his cooperation (compared to Harpster's lack of cooperation) as a circumstance war-

**2.** Prior to sentencing, Shimp moved for a downward departure based on his alleged di-

minished capacity. U.S.S.G. § 5K2.13. The District Court denied that motion.

ranting a disparity between their sentences.

We disagree. Although the "primary goal ... [of] § 3553(a)(6) [is] to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case," district courts are not prohibited from considering sentencing disparities among co-defendants. *United States v. Parker*, 462 F.3d 273, 277 (3d Cir.2006). Rather, "[w]here appropriate to the circumstances of a given case, a sentencing court may reasonably consider sentencing disparity of co-defendants in its application of [the § 3553(a) ] factors." *Id.* at 278 (citing *Koon v. United States*, 518 U.S. 81, 109, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)).

We believe the District Court reasonably considered the sentence imposed on Harpster in reaching Shimp's sentence. Contrary to Shimp's assertion—and as evidenced by the Court's six-level downward departure—it did not fail to take into account Shimp's substantial cooperation as a circumstance potentially warranting a sentence disparity. Although the Court noted that Shimp and Harpster had "engaged in similar conduct and had ... similar criminal record[s]," it also found that Shimp was "the prime mover of the conspiracy." It emphasized that Shimp had organized the bank robbery—a crime that "involved substantial planning and organizing"—and had "obtained the clothing, zip strips to bind customers and employees of the bank, weapons and the vehicle." The record confirms that Shimp's role as the organizer and leader of the conspiracy, as distinguished from the role of Harpster, was the primary basis for the Court's consideration of the disparity between Harpster's sentence and Shimp's Guidelines range. Accordingly, we do not believe the District Court committed procedural error by considering the sentence imposed on Harpster.

Shimp next argues that the District Court inappropriately emphasized the favorable nature of the plea agreement he received, which, according to Shimp, is a "concept" that is not "encomp[assed]" by any of the § 3553(a) factors. During sentencing, the Court noted that Shimp had "received the benefit of an extremely favorable plea agreement," without which Shimp would have faced a seven-year mandatory minimum and consecutive sentence for brandishing a firearm in furtherance of a crime of violence. *See* 18 U.S.C. § 924(c)(1)(A)(ii). Shimp appears to suggest that the Court imposed an upward variance to account for what it viewed as an unjustifiably favorable plea agreement.

The Court's references to the "extremely favorable" nature of Shimp's plea agreement were made in the broader context of describing the nature and circumstances of Shimp's offense. *See* 18 U.S.C. § 3553(a)(1). In noting that brandishing a firearm in furtherance of a crime of violence carries a significant mandatory minimum sentence, the Court sought to emphasize the seriousness of Shimp's underlying conduct. *Cf. United States. v. Baird*, 109 F.3d 856, 869 (3d Cir.1997) (holding, pre-*Booker*, that sentencing courts may consider conduct underlying counts dismissed pursuant to a plea agreement in determining whether to depart from the Guidelines range). Accordingly, we discern no procedural error.

We also do not believe the District Court committed procedural error by failing to discuss certain of the § 3553(a) factors, including § 3553(a)(2)(D) (the need for the sentence imposed "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment") and § 3553(a)(7) ("the need to provide restitution to any victims of the offense"). *See Cooper*, 437

F.3d at 329 (a district court does not have to "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing"). Although Shimp argued in his sentencing memorandum that a sentence below the Guidelines range was warranted because a longer term of imprisonment would delay any meaningful restitution payments, the District Court stated that it had "thoroughly reviewed" that submission. Because the record as a whole confirms that the Court considered Shimp's arguments and explained the reasons for its sentence, its failure to discuss specifically Shimp's restitution argument does not make the sentence procedurally unreasonable. *See Rita v. United States,* 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) (explaining that a brief statement of reasons can be sufficient where a district court is presented with "straightforward, conceptually simple arguments").

Our review of the record otherwise confirms that the District Court gave "rational and meaningful" consideration to the other relevant § 3553(a) factors. *United States v. Grier,* 475 F.3d 556, 571 (3d Cir.2007) (*en banc*). It gave a lengthy "statement of reasons for the sentence to be imposed," in which it emphasized Shimp's leading role in planning and organizing the bank robbery, his participation in an attempted bank robbery a mere five weeks later, and Shimp's violations of the conditions of his pretrial release, which included testing positive for marijuana on two occasions. In light of these circumstances, the District Court concluded there was "a strong need to deter the defendant and persons similarly situated." The District Court's

explanation was sufficient to justify the sentence it imposed.[3] We conclude, therefore, that the sentence is procedurally sound.

Having determined that the District Court committed no procedural errors, "we will affirm unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko,* 562 F.3d at 568. That is not the case here.

\* \* \* \* \* \*

For these reasons, we affirm Shimp's sentence.

---

3. For these reasons, we cannot agree with Shimp's characterization of the District Court's sentencing explanation as a mere "rote statement" of the § 3553(a) factors. *Compare United States v. Sevilla,* 541 F.3d 226, 229 (3d Cir.2008) (district court simply stated, "[s]o having considered all of the [§ ] 3553(a) factors and the treatment of the co-defendants in the case, I'm going to accept the Government's recommendation and sentence the defendant ... to 72 months") (second alteration in original).