NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-2264

UNITED STATES OF AMERICA

v.

RYAN ADAMS RODGERS,
                                        Appellant

Appeal of a Judgment of Sentence Entered in the
United States District Court for the Western District of Pennsylvania
(Crim. No. 1-07-cr-00057-001)
District Judge:  Maurice B. Cohill, Jr.

Submitted under Third Circuit L.A.R. 34.1(a)
February 2, 2010

Before: McKEE, Chief Judge, HARDIMAN, *Circuit Judge*,
and POLLAK, *District Judge*.[*]

(Filed: May 11, 2010 )

OPINION

---

[*]  Honorable Louis H. Pollak, Senior Judge of the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

POLLAK, *District Judge*

Appellant Ryan Adam Rodgers challenges the length of the sentence imposed on him after a guilty plea to two counts of violating 18 U.S.C. § 2252(a)(1), (b)(1) (transportation and attempted transportation of material depicting the sexual exploitation of a minor), and one count of violating 18 U.S.C. § 2252(a)(2), (b)(1) (receipt and distribution of material depicting the sexual exploitation of a minor). He argues his sentence was both procedurally and substantively unreasonable. We will affirm.

## I.

Immigration and Customs Enforcement (ICE) officers conducted an international undercover operation targeting distribution of child pornography over an internet file sharing service. During this operation, Rodgers sent hundreds of images to two undercover ICE officers. Over a period of approximately nine months, Rodgers possessed and traded well over 600 images of child pornography, stills and movies, depicting young children engaged in sexual acts. Rodgers also told agents that he had sexual contact with specific children, including his cousin, and with his own mother. The stories Rodgers told to the agents were not true. ICE executed a search warrant of Rodgers' house uncovering hundreds of images of child pornography. Rodgers faced four counts for activities involving the trading of child pornography over his computer.[1]

---

[1] As Court Four, possession of child pornography, was a lesser-included offense to receipt of child pornography, Rodgers' open plea to all counts charged did not result in an adjudication

2.

At the time of his arrest, Rodgers was 22 years old and had no prior criminal record or record of delinquency. Rodgers' employer, family, and friends testified that his viewing child pornography was inconsistent with what they knew of him. He lived with his parents and had dropped out of college due to a seizure disorder that prevented him from driving.

During sentencing, Rodgers, after changing counsel, withdrew his objections to the presentence report's guideline calculation of 210 to 262 months and agreed the guideline range was correctly calculated. This was based on a stipulation that the offense level was a 37 with a criminal history category of I. He, however, asked for a variance.

Rodgers introduced testimony from a psychologist who specialized in sex offender treatment. The psychologist found that several factors indicated that Rodgers would respond well to treatment: such pertinent factors were that he was open about his actions, he had accepted blame, he was willing to engage in treatment, he was receiving treatment for depression, he had a supportive family, and he had the ability to show empathy to victims. However, the psychologist diagnosed Rodgers as a pedophile due to his being "a predator on the internet." He also stated that Rodgers should not have contact with children without the approval of his therapist or future probation officer and that Rodgers was a danger to children. The psychologist also acknowledged, on cross-examination, that certain factors, such as viewing images of bestiality and bondage, and fantasies about

of guilt on Count Four and he did not receive a sentence for Count Four.

3.

specific children, presented challenges to Rodgers' treatment.

Rodgers argued that the sentencing enhancements for the use of the computer, number of images, and possession of images of prepubescent children, were inappropriate for his case, as such factors are present in almost all offenses of this type. The District Court decided to alter the guideline range by lowering the offense level by two levels, thus removing the enhancement for use of a computer, as that enhancement was present in most cases and resulted in a sentence "greater than is necessary to provide just punishment." With the removal of that enhancement, the guideline range was 168 to 210 months. The District Court sentenced Rodgers to 168 months to be followed by 15 years of supervised release. This was at the low end of the guideline range following the removal of the enhancement.

## II.

We review the District Court's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). We begin by reviewing for any procedural errors. *United States v. Sevilla*, 541 F.3d 226, 230 (3d Cir. 2008). We then review the substantive reasonableness of the sentence regardless of whether it falls within the proper range established by the guidelines. *Id*. at 230. In *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), we articulated a three-step process for the district court to follow: 1) the district court must calculate the defendant's guidelines sentence, 2) the district court must formally rule on motions and state whether it is granting a departure, and 3) it must

exercise discretion in considering the 18 U.S.C. § 3553(a) factors. *Id.* at 247.

Rodgers argues that the District Court committed procedural error by inadequately explaining its application of the§ 3553(a)[2] factors and by not addressing why it rejected Rodgers' request of a sentence of a six-and-half-year prison term followed by an extended period of supervised release.

A district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50. In its explanation, the district court must "acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual

---

[2] Section 3553(a) requires consideration of the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines
    . . .
(5) any pertinent policy statement--
    . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

basis." *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007) (citing *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006).

The District Court's discussion of the § 3553(a) factors, albeit brief, was not the sort of "rote statement" of the § 3553(a) factors that we found problematic in *Ausburn*. 502 F.3d at 329. The District Court clearly considered the nature of the offense and characteristics of the defendant. The court departed downward by removing the enhancement for use of a computer, because in that respect Rodgers' offense was not exceptional. The court also discussed Rodgers' lack of a prior criminal history and the potential benefits of Rodgers receiving mental health and alcohol treatment. Thus the District Court considered the individual circumstances of Rodgers and his offense.

The District Court also considered the need for the sentence, the kinds of sentences available and the sentencing range under the guidelines, while adjusting the sentence to avoid unwarranted disparities among defendants with similar records. The court noted that the sentence reflected the seriousness of the crime and provided just punishment for it, while also allowing Rodgers to receive education and vocational training to gain employment once released. This discussion, together with the removal of the use of a computer enhancement, shows a consideration of the sentence, the guideline range, and alternatives.

Rodgers argues that it was procedural error to not expressly consider the proposed six-and-a-half-year sentence. However, the District Court considered the argument on

6.

which the recommendation was based–that the enhancements for use of a computer, images of prepubescent minors, and number of images were inappropriate enhancements as such factors were present in most cases. While it is the preferred course to expressly address the defendant's arguments, a district court need not "explicitly rule on every argument that may be advanced, if other aspects of the sentencing decision make a ruling implicit." *United States v. Goff*, 501 F.3d 250, 256 n.10 (3d Cir. 2007). The District Court granted a departure based on the rationale advanced by Rodgers with regard to the use of a computer enhancement, thus showing consideration of the argument, even though the court did not remove all the suggested enhancements. In addition, the District Court stated it considered the psychologist's testimony and the potential for Rodgers' treatment. Thus, the District Court did address the arguments advanced by Rodgers at sentencing.

Rodgers also argues that his sentence is substantively unreasonable due to the fact that he is a 22-year-old, first-time offender, who is receiving treatment for substance abuse and depression, and is likely to respond well to treatment for sex offenders. Our substantive review requires us not to focus on one or two factors, but on the totality of the circumstances. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). "If the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568.

The sentence imposed by the District Court was reasonable. While Rodgers argues

that there are mitigating factors such as his lack of a criminal record and ability to be treated, the facts of Rodgers' offense are quite serious. Rodgers possessed and traded several hundred extremely graphic images of very young children. His own expert diagnosed him as a pedophile and stated that he continued to be a threat to children. Given the severity of the offense and the psychologist's opinion that he posed a danger to children, we cannot say that the sentence was substantively unreasonable.

## III.

For the reasons stated, we will affirm the sentence of the District Court.