**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3574
_____

UNITED STATES OF AMERICA,

v.

JOHN MALCOLM SMITH,
                                                 Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-08-cr-00331-001)
District Judge: Hon. Alan N. Bloch

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 21, 2011

BEFORE: BARRY, AMBRO and COWEN , Circuit Judges

(Filed:  June 29, 2011)
_____

OPINION
_____

COWEN, Circuit Judge.

        John Malcolm Smith appeals from the District Court's judgment of sentence.  We

will affirm.

I.

On August 7, 2008, officers from the Pittsburgh Police Department stopped a silver Nissan Altima with a broken tail light that had failed to signal a lane change.[1] When the vehicle pulled over, Smith exited from the back seat. At that time, one of the officers saw the handle of a firearm sticking out of Smith's pants pocket. After arresting him, the officers also recovered a baggie containing crack cocaine and $1,023.00 in cash from his pants pockets. When questioned, Smith told the officers that he had intended to sell the drugs.

Smith subsequently pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). At the sentencing hearing, Smith made a motion for a downward departure pursuant to U.S.S.G. § 5K2.12,[2] arguing that he was carrying the firearm for self-protection in response to an attempt made on his life the year before. Smith also argued that a variance from the Guideline range would be appropriate

---

[1] These facts are taken from the Pre-Sentence Report ("PSR") adopted by the District Court.

[2] U.S.S.G. § 5K2.12 provides:

> If the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense, the court may depart downward. The extent of the decrease ordinarily should depend on the reasonableness of the defendant's actions, on the proportionality of the defendant's actions to the seriousness of coercion, blackmail, or duress involved, and on the extent to which the conduct would have been less harmful under the circumstances as the defendant believed them to be. Ordinarily coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party or from a natural emergency. . . .

2

under 18 U.S.C. § 3553(a). In support of his argument, Smith's probation officer and family members testified that Smith had been shot in July 2007, that someone had called his sister afterwards and told her that Smith's life was in danger, and that someone shot at Smith's sister's window in January 2008.

The District Court calculated a Guideline range of 140 to 175 months based on a total offense level of 29 (which included a three-level downward adjustment for acceptance of responsibility) and a criminal history category of V. The District Court rejected Smith's motions, finding that neither a downward departure nor a variance was appropriate under the circumstances. The court sentenced Smith to the statutory maximum, 120 months' imprisonment, and three years of supervised release. See U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable [G]uideline range, the statutorily authorized maximum sentence shall be the [G]uideline sentence.").

This appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review the District Court's sentence for reasonableness under an abuse of discretion standard. United States v. Sevilla, 541 F.3d 226, 230 (3d Cir. 2008) (citing Gall v. United States, 552 U.S. 38, 46 (2007)). To this end, "[w]e must first ensure that the district court committed no significant procedural error in arriving at its decision" and, it if has not, "we then review the substantive reasonableness of the

sentence." United States v. Wise, 515 F.3d 207, 217-18 (3d Cir. 2008). To be substantively reasonable, the final sentence must be "premised upon appropriate and judicious consideration of the relevant [18 U.S.C. § 3553(a)] factors." United States v. Lessner, 498 F.3d 185, 204 (3d Cir. 2007) (internal quotation marks and citation omitted).

First, to the extent that Smith argues that the District Court erred when it denied his motion for a downward departure pursuant to U.S.S.G. § 5K2.12, we lack jurisdiction to review a district court's discretionary refusal to depart from the applicable Guideline range unless the district court mistakenly believed that it lacked the authority to depart. See United States v. Cooper, 437 F.3d 324, 332-33 (3d Cir. 2006), abrogated on other grounds by Kimbrough v. United States, 552 U.S. 85 (2007). Smith does not argue, and the record does not indicate, that the District Court in this case believed that it was not authorized to grant the motion. Consequently, we cannot review the denial of the motion.

Smith next argues that the District Court arrived at a substantively unreasonable sentence. We disagree. At the sentencing hearing, the District Court carefully considered Smith's request for a variance and weighed all of the relevant information in arriving at its decision. First, the court found that self-defense was not likely the primary reason why Smith was carrying the gun when he was arrested. The court noted that, when Pittsburgh Police retrieved the gun from Smith, he was also carrying crack cocaine—which he admitted that he intended to sell. The court also noted that Smith's

4

past involvement with weapons, drugs, and violent crimes further indicated that he was probably not acting in self-defense at the time of his arrest. Thereafter, the court considered the § 3553(a) factors, including Smith's significant criminal history, the circumstances in which he was raised, the need for adequate deterrence, and public safety. We are satisfied that the District Court applied the relevant § 3553(a) factors to the facts of the case and imposed a substantively reasonable sentence.

## III.

For the reasons stated above, we will affirm the judgment of sentence.