**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4100
_____

UNITED STATES OF AMERICA

v.

SCOTT SWANSON,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 3:09-cr-00230)
District Judge: Honorable Edwin M. Kosik

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 17, 2011
_____

Before:  FUENTES and CHAGARES, Circuit Judges and POGUE, Judge.[1]

(Filed: December 15, 2011)

_____

OPINION
_____

CHAGARES, Circuit Judge.

_____

[1] Honorable Donald C. Pogue, Chief Judge, United States Court of International Trade,
sitting by designation.

Scott Swanson appeals the sentence imposed on him by the District Court following his guilty plea to aiding and abetting the production of child pornography. For the reasons that follow, we will affirm.

I.

We write solely for the parties' benefit and recite only the facts essential to our disposition.

In November 2008, Swanson engaged in online conversations with a thirteen-year-old girl and, later, an undercover FBI agent posing as the girl. Over the course of the conversations, Swanson persuaded the girl to take multiple nude and sexually-explicit photographs of herself and send them to his personal email account. He also expressed interest in traveling to Pennsylvania to meet the girl in order to have sex with her.

On July 23, 2009, a federal grand jury returned a five-count indictment against Swanson for child pornography-related offenses. Pursuant to a sealed plea agreement, Swanson pleaded guilty only to count 2 of the indictment, which charged him with aiding and abetting the production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2. The offense carried a fifteen-year (180-month) statutory mandatory minimum and, after accounting for various enhancements and adjustments, a recommended range of 168 to 210 months in prison under the advisory United States Sentencing Guidelines.

The District Court held a sentencing hearing on October 7, 2010. At the time of the hearing, no objections to the presentence report remained pending. In light of Swanson's substantial assistance in another investigation, the Government sought, and the District Court granted, a one-level downward departure under § 5K1.1 of the

2

Guidelines. This permitted the parties to argue for and the court to impose a sentence below the mandatory minimum. See 18 U.S.C. § 3553(e); 28 U.S.C. § 994(n).

Defense counsel urged the District Court to take into account Swanson's abiding commitment to his community and his church in fashioning a sentence. Many individuals, counsel noted, submitted unsolicited letters attesting to Swanson's character and service to others. Four of those individuals spoke at the sentencing hearing. One witness, a prison volunteer, described Swanson's nightly facilitation of group counseling and religious gatherings in his prison cell. Defense counsel also emphasized the severity of the penalty for the crime, Swanson's prospects for rehabilitation, and Swanson's acceptance of responsibility for his actions. According to a psychological report appended to the defendant's sentencing memorandum, counsel argued, Swanson posed little risk to the community and was unlikely to recidivate. Swanson gave a lengthy and self-reflective allocution.

The District Court sentenced Swanson to a 160-month term of incarceration. It acknowledged the harshness of the punishment prescribed by Congress for the crime and the mitigating effect of the Government's § 5K1.1 motion. The court also commented on the sincerity of Swanson's guilty plea, his post offense conduct, his potential to benefit others, and the devotion of his family. Incorporating into the sentence considerations of Swanson's need for treatment and the interest of public safety, the District Court ordered Swanson to participate in a sex-offender treatment program and imposed certain restrictions on his post-incarceration interaction with children. Finally, the District Court

stated that the sentence satisfied the purposes set forth in 18 U.S.C. § 3553(a). Swanson

filed a timely appeal. [2]

## II.

We review sentences to ensure that they are procedurally and substantively

reasonable. United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Our

review of the procedural reasonableness asks whether the District Court committed

"significant procedural error, such as failing to calculate . . . the Guidelines range, . . .

failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain

the chosen sentence." Gall v. United States, 552 U.S. 38, 51 (2007). If the District Court

imposed sentence in a procedurally fair manner, we then consider the substantive

reasonableness of the sentence. Tomko, 562 F.3d at 567. Our procedural and substantive

review of sentences — whether within or outside the Guidelines range — is for abuse of

discretion. Id. (citing Gall, 552 U.S. at 51). In this endeavor, we are mindful that "[t]he

touchstone of 'reasonableness' is whether the record as a whole reflects rational and

meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." United

States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc).

Swanson makes three claims of procedural error. He contends that the sentence

imposed was procedurally unreasonable because the District Court (1) failed to follow the

proper three-step sentencing procedure, (2) did not consider meaningfully the § 3553(a)

_____

[2] The District Court had jurisdiction pursuant 18 U.S.C. § 3231. We have appellate
jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

4

factors, and (3) contravened 18 U.S.C. § 3553(c) in omitting a statement of reasons for imposing a 160-month sentence.

In United States v. Gunter, we instructed district courts to undertake a three-step procedure in imposing sentence. 462 F.3d 237, 247 (3d Cir. 2006). A court must first calculate the defendant's Guidelines range, then formally rule on motions for departure and explain how any departure affects the Guidelines calculation, and finally exercise its discretion in considering the § 3553(a) factors. Id.; accord Tomko, 562 F.3d at 567; United States v. Levinson, 543 F.3d 190, 194-95 (3d Cir. 2008). With respect to his first claim of procedural error, Swanson is correct that the District Court never formally calculated the applicable Guidelines range or granted the Government's § 5K1.1 motion. Nevertheless, the court began the sentencing hearing by noting that it had a copy of the presentence report and by confirming that Swanson had reviewed the presentence report with counsel. Although Swanson's counsel had filed two objections to the Guidelines calculation in the presentence report, he withdrew them before the sentencing hearing. By the time of the hearing, the parties agreed on the Guidelines range recommended by the presentence report and on Swanson's eligibility for a § 5K1.1 motion. Indeed, in his presentation to the court, defense counsel emphasized that the § 5K1.1 downward departure enabled the court to impose sentence below the statutory mandatory minimum. On appeal, Swanson makes no claim that the court miscalculated the Guidelines range. In view of the parties' complete agreement in these matters, the District Court's failure to calculate explicitly the Guidelines range or grant the § 5K1.1 motion was harmless error. See United States v. Langford, 516 F.3d 205, 215 (3d Cir. 2008) ("For the error to be

5

harmless, it must be clear that the error did not affect the district court's selection of the sentence imposed.").

Swanson also contends that the District Court failed to consider or explain on the record how the sentence comported with the § 3553(a) factors. Section 3553(a) directs a sentencing court to consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public from recidivism, and provide the defendant with necessary training or medical care. 18 U.S.C. § 3553(a)(1), (2). Swanson argues that, aside from passing references to the impact of the crime on his family and his post-incarceration development, the District Court gave no meaningful consideration to the factors. He faults the court for failing to address the psychological report included with his sentencing memorandum, as well as his personal history and characteristics, service to the community, likelihood of recidivism, and post-offense rehabilitation. He also protests the court's failure to consider the deterrent effect of the sentence and the justice of the punishment.

After careful review of the record, we conclude that the District Court gave meaningful consideration to the § 3553(a) factors and adequately articulated its reasons for imposing sentence. True, the court did not address the lengthy expert report, the deterrent effect of the sentence, the numerous letters and statements submitted by Swanson's friends and family, and Swanson's personal history of good deeds. But a court need not address every argument made at sentencing or every piece of evidence

6

submitted, so long as the record is clear that it took into account the § 3553(a) factors. See, e.g., United States v. Sevilla, 541 F.3d 226, 232 (3d Cir. 2008); United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006). In imposing sentence, the District Judge addressed the impact of Swanson's crime on his victim, Swanson's family support, and Swanson's underlying difficulties with self-control. He referenced the sincerity of Swanson's plea, his post offense conduct, and his potential to benefit others — all factors that touch on the justice of the punishment and Swanson's likelihood of recidivism. By ordering Swanson to undergo treatment and restricting his post-incarceration contact with children, the Judge accounted for the interests of public safety and rehabilitation. And over the course of the hearing, the District Judge acknowledged the witnesses who spoke on Swanson's behalf and twice interrupted counsel with questions and comments, exhibiting his grasp of the parties' sentencing memoranda and his engagement with their arguments. See Rita v. United States, 551 U.S. 338, 358 (2007) (upholding a sentence when "[t]he record [made] clear that the sentencing judge listened to each argument"). This record establishes that the District Court gave meaningful consideration to the § 3553(a) factors in tailoring Swanson's sentence and complied with its obligation under 18 U.S.C. § 3553(c) to explain its reasons for imposing sentence. There is no basis for finding Swanson's sentencing hearing procedurally unreasonable.

III.

Swanson also maintains that he was deprived of his Sixth Amendment right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). He asserts two independent claims. First, he contends that his trial counsel was deficient

7

because his misrepresentations about the duration of the sentence likely to be imposed induced Swanson to plead guilty. Second, he contends that his trial counsel was deficient because he advised Swanson to plead guilty when the Government had not adduced evidence sufficient to support a conviction under 18 U.S.C. § 2251(a).

Subject to certain narrow exceptions not applicable in this case, it is well settled that we do not entertain claims of ineffective assistance of counsel on direct appeal. Gov't of V.I. v. Lewis, 620 F.3d 359, 371 (3d Cir. 2010) (citing United States v. McLaughlin, 386 F.3d 547, 555 (3d Cir. 2004)). This is so because the claims often necessitate a review of evidence not adequately developed in the record. United States v. Sandini, 888 F.2d 300, 312 (3d Cir. 1989). Swanson offers no reason as to why we should depart from our standard practice. We therefore will dismiss both ineffective assistance of counsel claims without prejudice to Swanson's ability to assert them in an appropriate collateral proceeding. We express no view on the merits of the claims.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.