NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-1486

_____

UNITED STATES OF AMERICA

v.

KEVIN MICHAEL MCGINTY,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-12-cr-00340-001)
District Judge: Honorable Berle M. Schiller

_____

Submitted Under Third Circuit LAR 34.1(a)
November 21, 2013

Before: AMBRO, SMITH, and CHAGARES, Circuit Judges

(Opinion filed: September 5, 2014)

_____

OPINION

_____

PER CURIAM

Kevin McGinty pled guilty to one count of making a false statement to a federal

firearms licensee in violation of 18 U.S.C. § 924(a)(1)(A). Though his Sentencing

Guidelines range was 70 to 80 months' imprisonment, the statutory maximum for violating § 924(a)(1)(A) is 60 months' imprisonment. In relevant part, McGinty requested a downward variance based on his cooperation with law enforcement. Despite this request, the District Court sentenced McGinty to the statutory maximum of 60 months. He appeals, arguing that the District Court failed to give meaningful consideration to his request for a variance. For the reasons that follow, we affirm the sentence.

Our Court "employs the familiar abuse of discretion standard" in reviewing criminal sentences for substantive and procedural reasonableness. *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010) (internal quotation marks and citation omitted). In our review here, we determine whether the District Court gave meaningful consideration to the relevant factors. *See United States v. Sevilla*, 541 F.3d 226, 232 (3d Cir. 2008).[1]

The sole indication that the District Court gave such consideration to McGinty's cooperation argument is a colloquy between Judge Schiller and the prosecutor, Assistant United States Attorney Jennifer Chun Barry. Immediately after Jonathan Sussman,

---

[1] *Sevilla* held that the meaningful consideration test applies even where, as in McGinty's case, a criminal defendant does not object to the lack of explanation at the end of sentencing. *See* 541 F.3d at 230-31. Our recent *en banc* decision in *United States v. Flores-Mejia*, No. 12-3149, 2014 WL 3450938 (3d Cir. July 16, 2014), abrogated *Sevilla* by instead holding that, under such circumstances, we will reverse only for plain error. *Id.* at *2. However, we explicitly did not make *Flores-Mejia* retroactive against criminal defendants who, like McGinty, were sentenced before that decision. *Id.* at *5. Thus this case is still subject to the *Sevilla* rule.

McGinty's counsel, requested the variance for cooperation, the following exchange

occurred:

> The Court:  I suppose the government could have charged [McGinty] for each gun as a separate count. Is that right, Ms. Barry?  Or would it have to have been done in one count?
> Ms. Barry:  Your Honor, I believe it was all—the reason we charged it with one count was that—
> The Court:  I'm not asking you the reason.
> Ms. Barry:  I believe it could—
> The Court:  You could have—
> Ms. Barry:  It could have.  It could have.  Yes, Your Honor.
> The Court:  And the sentences could have been consecutive.  [Do] you understand that?
> Mr. Sussman:  Yes, Your Honor.
> The Court:  And he'd be looking at much more than a possible sixty months.

App. at 108.  Defense counsel then moved on to other arguments and Judge Schiller did

not return to the request for a variance.

The Government argues that the quoted section represents an implicit conclusion

that McGinty had already received "credit" for his cooperation because he was charged

with only one count for purchasing five firearms.  At no point does the transcript

explicitly make this connection; rather, the Government bases its argument solely on the

temporal proximity between the variance request based on cooperation and the seemingly

unrelated colloquy.  Indeed, as even the Government concedes on appeal, "the [c]ourt did

not mention the words 'cooperation' or 'assistance'" anywhere in this exchange.

Government's Br. at 15.  We are left instead to reconstruct the Court's thinking after the

fact.

3

"[I]n order to provide for effective appellate review, the sentencing court must provide a record sufficient to allow a reviewing court to conclude that the sentencing court exercised its discretion." *United States v. Ausburn*, 502 F.3d 313, 328 (3d Cir. 2007). To ensure such a record, the judge "must acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis." *Id.* at 329. Failure to do so falls short of the sentencing court's obligation to litigants and impedes our ability to review sentencing decisions by leaving us guessing at the reasoning behind a sentence. *See id.* at 331 ("Where the record is inadequate, we do not fill in the gaps by searching the record for factors justifying the sentence."). Had the District Court done explicitly what the Government claims it did implicitly—reject the variance request on the basis that McGinty had already received adequate accommodation for any purported cooperation—our task would have been much simpler. Sentencing courts should be more explicit in explaining their exercise of discretion than what was done here.

Nonetheless, as a practical matter, even a superficial review of the sentencing transcript shows that Judge Schiller believed that a 60-month sentence was called for under any circumstance and would continue to be the sentence even were there a remand, as McGinty could have been charged with separate counts and thus be subject to a much stiffer sentence (even though this was a first-time offense) and the attempted cooperation was apparently of little use to the Government. Although not a basis for extending the sentence, the 60-month term also allowed for a comprehensive drug rehab program.

In this context, we spare the parties a fruitless remand for practical reasons, but advise that in the future we want to see more reasoning. We thus affirm McGinty's sentence.[2]

---

[2] We grant McGinty's motion to seal his brief and the joint appendix.