**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-2269

_____

UNITED STATES OF AMERICA

v.

VIKRAM YAMBA
                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Nos. 2-03-cr-00169-003, 2-04-cr-00329-001)
District Judge:  Honorable Gustave Diamond

_____

Submitted Pursuant to L.A.R. 34.1(a)
December 9, 2013

Before:  McKEE, *Chief Judge*, FUENTES and CHAGARES, *Circuit Judges*

(Opinion Filed:  January 8, 2015)

_____

OPINION∗

_____

McKEE, *Chief Judge*.

    Vikram Yamba appeals the sentence imposed following his supervised release

violations.  For the following reasons, we will affirm.[1]

--------

∗ This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

## I.

Yamba argues that the district court erred in imposing a 144-month term of imprisonment for his supervised release violations. Yamba maintains that this sentence is procedurally unreasonable because the court failed to consider all of the 18 U.S.C. § 3553(a) factors and to explain the deviation from the supervised release Guideline range. Yamba contends that the sentence is substantively unreasonable because the court focused on future dangerousness and ignored all of the other §3553(a) sentencing factors.

### A. Procedural Reasonableness

On appeal, "[w]e must first ensure that the district court committed no significant procedural error in arriving at its decision." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008). The district court could have committed a significant procedural error by "'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). Yamba argues that the district court erred by failing to consider all of the § 3553(a) factors and by

---

[1] Despite Yamba's failure to object to the procedural or substantive reasonableness of his sentence, we review the district court's sentence for abuse of discretion. *United States v. Sevilla*, 541 F.3d 226, 230 (3d Cir. 2008). We recently overruled *Sevilla* in *United States v. Flores-Mejia*. 759 F.3d 253, 256–58 (3d Cir. 2014) (holding that "a party must object to a procedural error after the sentence is pronounced in order to preserve the error and avoid plain error review."). However, we decided that this rule does not apply retroactively. *Id.* at 258 n.7. Accordingly, we will review this case under the prior standard—abuse of discretion.

failing to sufficiently explain its deviation from the Guidelines range. In particular, Yamba maintains that the district court failed to address the nature and circumstances of the offense and the history and characteristics of the Defendant.

The district court was required to "(1) calculate a defendant's Guidelines sentence as precisely as [it] would have before *Booker* . . . . (2) formally rule on the motions of both parties and state on the record whether [it is] granting a departure and how that departure affects the Guidelines calculation" and (3) "exercise [its] discretion by considering the relevant § 3553(a) factors . . . in setting the sentence . . . impose[d]." *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (internal citations omitted). Moreover, "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors." *United States v. Cooper*, 437 F.3d 325, 329 (3d Cir. 2006). The court, however, is not required to "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *Id.*

Here, the district court adhered to the required procedure and meaningfully considered the § 3553(a) factors. The district court acknowledged that Yamba's criminal history commenced with the counterfeit charges that were before the court in 2003. App. 140. The court highlighted Yamba's subsequent supervised release violations, including numerous crimes involving firearms. App. 140–41. The court discussed at length the need to protect the public and the inadequacy of deterrence and rehabilitation for Yamba—a "confirmed recidivist." App. 141. The court did focus on Yamba's criminal propensity, but we do not agree that the court focused on his propensity to the exclusion

3

of the other relevant sentencing factors. Nor can we agree that the court's focus on this factor was unreasonable given Yamba's conduct. We are instead convinced that the court adequately explained its concern with incapacitating Yamba and its reasoning for imposing a sentence that deviated from the Guideline range.

The court recounted its initial imposition of five years probation in 2004 because at that point, the court "believ[ed] he could be salvaged and should be salvaged." App. 140. The court then recognized Yamba's blatant disrespect for the law and found a 144-month sentence to be the only manner "to ensure as much as [it could] that the defendant will be incapacitated for a substantial period of time." App. 142. Accordingly, we conclude that the district court conducted a thorough and well-reasoned analysis of the § 3553(a) factors and sufficiently explained the deviation from the Guideline range. Therefore, the court district court did not abuse its discretion and imposed a procedurally reasonable sentence.

## B. Substantive Reasonableness

Since "we determine[d] that the district court has committed no significant procedural error, we [now] review the substantive reasonableness of the sentence under an abuse-of-discretion standard." *Wise*, 515 F.3d at 218. Yamba maintains that the district court erred by emphasizing his future dangerousness while ignoring the other sentencing factors in 18 U.S.C. § 3553(a).

We evaluate substantive reasonableness by assessing "whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007).

4

Nonetheless, "our substantive reasonableness inquiry must be highly deferential." *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010) (reiterating the holding in United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009)).[2]

The record before us provides numerous justifications for imposing this lengthy sentence. The court was clearly concerned with the need to protect the public from Yamba's consistent pattern of criminal conduct. App. 141. The district court tried to aid the defendant in earlier cases by imposing a sentence of probation and a subsequent minimal sentence of imprisonment for the probation violation. However, the court's attempt to address Yamba's criminality without resorting to a lengthy prison sentence in those earlier proceedings was clearly unsuccessful. Rather, Yamba's criminal conduct persisted. Despite the court's prior efforts at rehabilitation, Yamba has committed numerous crimes since first appearing before the court in 2003.

The court imposed this sentence only after concluding that its efforts to rely on deterrence and rehabilitation had failed. The court also emphasized Yamba's use of firearms in his recent violations. Accordingly, the district court engaged in a complete analysis of the § 3553(a) factors. The court did not abuse its discretion.[3]

---

[2] Yamba's reliance on *United States v. Olhovsky*, 562 F.3d 530, 550 (3d Cir. 2009) is unwarranted. There, we reasoned that "the [district] court was so offended by the nature of Olhovsky's conduct that it sentenced the offense at the expense of determining an appropriate sentence for the offender." *Id.* Here, the court did the exact opposite and rendered a sentence based on Yamba's demonstrated propensity to commit crimes, even while under court supervision.

[3] Yamba has committed numerous crimes since 2003, when he first appeared before Judge Diamond. Many of these crimes were prosecuted in state court, thus the district court had no role to play in the trial/sentence. The court did revoke/re-sentence Yamba

**II.**

For the reasons express above, we will affirm the district court's judgment.

---

because of these state crimes and convictions. Before the court in this case were his supervised release violations for (1) use of counterfeit bills at Popeye's Chicken—he initially entered a Pre-trial Diversion Program but violated that because of a state crime and was sentenced to five years of probation, this was revoked because he was kicked out of the Renewal Center and tested positive for marijuana, he was sentenced to 10 months imprisonment with 3 years of supervised release, this was revoked in 2007 and he was then sentenced to 2 years imprisonment and 1 year supervised release **(**2) 7 counts of wire fraud before Judge Hardiman (W.D.P.A.), he received 18 months imprisonment to be served concurrently, followed by a 3 year term of supervised release. On November 11, 2011, Yamba began serving a 12-month supervised release term for the counterfeit charges and a 36-month supervised release term for the wire fraud charges. On January 25, 2012 the court probation office filed a violation petition.

In fact, in imposing sentence here, the district court did not even mention wire fraud. Although the court's reliance on the totality of the factors in § 3553(a) may well have been more evident if the court had specifically noted that offense as well as all of Yamba's other crimes, it is clear that the court did not err in imposing a sentence that reflected its justifiable concern with protecting the community from Yamba's consistent and unrelenting pattern of criminal conduct. *See* 18 U.S.C. § 3553(a)(1)).